Curia.

This was merely a question of evidence, of which the jury were the only competent judges. They were properly instructed by the judge, and the verdict must be conclusive, (b)

Judgment on the verdict.

ADDITIONAL NOTE.
[The admissions of a party, under a misapprehension of his legal rights and liabilities, do not bind him. — Moore vs. Hitchcock, 4 Wend. 292.
See Law vs. Merrills, 6 Wend. 268. — Com. vs. Knapp, 9 Pick. 503.
A, a tenant of certain land, presented a petition to the legislature, admitting it to belong to the commonwealth, and praying that it might be granted to him, but it was afterwards sold to B. Held, A was not estopped from claiming the land, but his admissions were strong evidence against him, and threw the burden of proof on him to show an innocent mistake on his part.— Owen vs. Bartholomew, 9 Pick. 520. — F. H.j

 [The report of this case would have been more satisfactory, if it had stated whether or not the plaintiffs took the note upon the admission of the maker, or had acted upon the faith of it, or had been prejudiced thereby. The case finds that the admission was made before the note was due, and was not unfairly obtained. If the note was taken on the faith of it, or if it was fairly sought in order to act upon it, of which, under the circumstances, the defendant must have been sufficiently apprized, he ought to be bound by it. In such case, to use the language of Lord EUenborough in Leach vs. Buchanan, (4 Esp. 227,) “ it would not rest on the signature being a forgery or not. It might not be the defendant's hand-writing; and he might prove that it was not so by witnesses, and still the plaintiffs would be entitled to recover.” - Cooper vs. Le Blanc, 2 Str. 1051. — Jennis vs. Fowler ML 2 Str. 946. — Price vs. Neale, 3 Burr. 1354. — Bayley, 322. — Chitty, 387. — The rule is correctly laid down by Starhie, (part 4, p. 31,) who says, “ There is a strong line of distinction between admissions, or conduct upon which a party has induced others to act, or by means of which he has acquired some advantage to himself, and those admissions which have been made without any reference to the matter litigated. In the former case, the party is usually precluded absolutely by such an admission,”— Clarke vs. Clarke, 6 Esp. 61.— Howe vs. Rogers, 6 Esp. 20. — And see Gloucester Bank vs. Salem Bank, 17 Mass. Rep. 1, where Jennis vs. Fowler, Price vs. Neale, and Leach vs. Buchanan, are recognized and held to be law in Massachusetts. — Ed .]