Parker, C. J.,
delivered the opinion of the Court.
Several objections were made at the trial, which, having been overruled by the judge, are now made the ground of a motion for a new trial.
It was first objected that, as there was the name of a subscribing witness to the note, he ought to have been produced, as the signature was denied; and that no other evidence; was competent in default of this. But it appearing from the report that this person was absent and out of the commonwealth, we think it was right to suffer the cause to be tried upon other evidence.
It was next objected that the hand-writing of the subscribing witness ought to have been proved before the plaintiff should have been permitted to resort to other evidence. But as the instrument in question is good without a subscribing witness, we do not think this strictness necessary, however it might be in relation [ *312 ] to deeds or instruments under *seal, where something more is necessary to be proved than the mere signature of the party, (a)
In the third place, it was insisted that comparison of hand-writing is in no case legal evidence ; and that, it being admitted in the trial of this cause, a new'trial ought to be had.
*285 Whatever doubts there may now be in England as to this species of evidence, — for in former times it was holden admissible, and has never yet, to our knowledge, been absolutely settled otherwise, — we have no doubt that it has become, by long and invariable usage in this state, competent evidence here. It has been once or twice questioned at nisi prius, in consequence of an observation in Peake, but has never been made a serious question of. Indeed, we have no doubt that a comparison, by the jury, of the contested signature with other writings proved to be genuine is, by the common law of this commonwealth, proper evidence. It may frequently be unsatisfactory, but sometimes it may be decisive. At any rate, like all other evidence, it is to be weighed with discretion by the jury, (a)
Upon the remaining objection, however, we think a new trial ought to be granted, although at first we doubted.
If the testimony of the person whose name appears on the note as a subscribing witness is true, he never saw the note signed by the promisor, nor subscribed it himself as a witness until many days posterior to the date; and his name was there by procurement of the promisee, to give a validity, as he supposed, to the note, which it had not at the time it was signed by the promisor. We were inclined to think that this act, although unwarrantable, was not a material alteration of the note, or, indeed, any alteration at all; because a promissory note need not have a subscribing witness.
But, upon further consideration, we think it a material alteration. Upon the question before the jury as to the signature of the promisor, the name of a subscribing witness present at the time probably had considerable influence. Further, as a distinction is made, in our statute of limitations, between notes with and those without a subscribing witness, (5) it cannot be considered an immaterial *286 [*313] alteration to * cause the name of a person to be placed on the note as a witness, when he was in no respect a witness to any part of the transaction. The verdict is to be set aside, and a new trial is granted, (a)

 The rule is inflexible, and applies to all attested writings whatsoever. — Doe vs. Dumford, 2 M. & S. 62.— Higgins vs. Dixon, 2 Stark. 180- —1 Phill. Ev. 7th ed 464, 465.

 Hall vs. Huse, 10 Mass. Rep. 39. — Salem Bank vs. Gloucester Bank, 17 Mass. Rep. 1.—It is an established rule of evidence in England, that hand-writing cannot be proved by comparing the paper in dispute with any other papers acknowledged to be genuine. — 1 Phill. Ev. 490, 7th ed. — Peake's Ev. 155, 5th ed. — Roscoe, 68, 69, 2d ed. — But in cases where the antiquity of the writing makes it impossible for any person to prove it from actually having seen the person write, and where the instrument acquires a degree of authority from the place in which it is found, the evidence of a man who has had opportunities of making himself acquainted with the character, has been admitted. It is otherwise, however, when there is no proof or presumption in favor of the genuineness of the document. — 1 Phill. 492. — Peake, 155. —Roscoe, ubi sup. — So witnesses have been permitted to testify from knowledge acquired from correspondence with the person whose hand-writing is in dispute in the course of business.—Peake, 154. — Phill. 486. — Roscoe, ubi sup. — In these cases, the comparison is made by the witness, who gives the result of his judgment, and not by the jury. — See Titford vs. Knott, 2 Johns. Cas. 211. — Jackson vs. Van Deusen, 5 Johns. 144. — Olmstead vs. Stewart, 13 Johns. 238.— The State vs. Allen, 1 Ruf. 6.—Haskins vs. Stuyvesant, Anth. N. P. 91. — Jackson vs. Murray, Anth. 77.— Commonwealth vs. Smith, 6 Serg. & Raw. 568. — Johnson vs. Daverne, 19 Johns. 134 — Duncan vs. Beard, 2 Nott & M'Cord, 400.

 Stat. 1786, § 5, c. 25.

 Wright vs. Wakeford, 17 Ves. 454. — 4 Taunt. 214. — Doe vs. Peach, 2 M. & S. 576. — I Preston’s Abstr. 278, 280. — 2 Chance on Powers, 932, 966. — Knill vs. Williams, 10 East 431. — M’Intosh vs. Haydon, 1 R. & M. 362. — Cowie vs. Hatsall, 4 B. & A. 197.