Parker C. J.
delivered the opinion of the Court. To the statute of limitations pleaded by the defendant, the plaintiff replies that the note was made and signed by the defendant at the time and place when, &c. and in the presence of one witness, who then and there attested the same ; and issue is taken on the allegation.
The question is, whether this allegation was proved by the plaintiff, or whether there was evidence of the fact which would have justified a verdict thereon in favor of the plaintiff
The exception in the statute of limitations, (St. 1786, c. 52, § 5,) is “ of any note in writing made and signed by any person or persons, and attested by one or more witnesses.”
Do the facts in this case prove an attestation within the meaning of the statute ? We think they do not; that it was the intention of the legislature, in making this wide discrimination between notes attested and not attested, that the attestation should be made at the time of the making of the note, and before the transaction is complete, with a view to give it in some *255 measure the character of a specialty and put it on the footing of a bond or other specialty ; that with the attestation, it is in fact a different legal contract, from what it would be without ; and that the party to whom it was given, could not, after its delivery, change its character so materially, without the knowledge or consent of the promisor.
We do not suppose that this would amount technically to an alteration of the note, so as to defeat the plaintiff’s right to recover on it within six years, or upon evidence of a new prom ise after six years, because there was no fraudulent intent, and because the witness was actually present and saw what his name purports to attest. And therefore the case is not like the case of Homer v. Wallis, 11 Mass. R. 309, which has been cited.[1] But this note was not “ attested by one or more witnesses ” at the time it became a perfect contract by the signature of the defendant, and the delivery of it to Head, who stood in the place of the plaintiff. We cannot distinguish between an attestation made two or three hours after the contract is completed, and one made two or three weeks, months or years , and it is obvious, that to adopt a rule admitting of so broad an application, would destroy the distinction established by the legislature, between attested and non-attested notes. Even at the trial the witness who should testify that he was present arid saw the defendant sign the note, would seem to us to have as good a right to place his name on it, to avoid the statute, as in this case Head had two or three hours after the note was given.
The strongest case cited for the plaintiff is that of Parke v. Mears, 2 Bos. & Pul. 217. The witness Hearne was not in the room in which the bond was executed, and therefore did not see it signed and sealed, but he was in an adjoining room. *256 The defer, lant in the action was present and heard the attorney ask Hearne to attest the bond. Hearne knew the defendant’s handwriting, and the defendant had acknowledged the bond. His consent therefore to the attestation of Hearne was a necessary inference. Had Dunham in this case been in the insurance office and heard the plaintiff say to Head, that the note was not witnessed, and seen Head put his name to it, he might have been estopped to deny that it was an attested note. We think there is no evidence from which a jury can legally infer that the attestation of Head, made as it was, was by the consent of the defendant. The word " toitness ” at the bottom of the note is too common to have excited attention ; and the fact, that the defendant was not present and had no knowledge of what was done, seems to exclude the inference of consent. Nothing can be inferred from what took place when the parties were together, more than that it was the intention of the parties that the note should be witnessed when it was made.[1]

Nonsuit made absolute.

 See Brackett v. Mountfort, 2 Fairhield, 115 ; U. S. Dig tit. Alteration of instruments. The holder of a bill has no right to make an alteration in it to correct a mistake, unless to make the instrument conform to what all parties to it agreed or intended it should have been. Hervey v. Harvey, 15 Maine R. (3 Shepley), 357; Granite Raihoay Co. v. Bacon, 15 Pick. 239. It is not necessary that the witness to a signature should see the party sign his name to the instrument. If the person who signs, acknowledges it to be his signature, and requests the person witnessing the same to affix his name as a witness, it is sufficient, Bridge v. Mathes, 7 N. Hampsh. R. 230.

 See Revised Stat. c. 120. § 4, which enacts that the provisions of the statute of limitations shall not “ apply to any action brought upon a promis bOry note, which is signed in the presence of an attesting witness, provid ed the action be brought by the original payee, his executor or administrator. ’