Per Curiam.

The first question which arises upon this report is, as to the admissibility of the parol evidence.
As it appears by the face of the note itself, that the memorandum, “ One half payable in 12 months, the balance in 24. months,” was not embraced in the body of the note, but was written at the bottom, after the attestation of the subscribing witness, it was competent for either pa ty to prove by parol *233 evidence, the time when, the person by whom, and the circumstances under which the memorandum was affixed to the note. These words might have been added, after the delivery of the note, or by a stranger, or under such circumstances as not to constitute a part of the contract between the parties. Such evidence had no tendency to vary, control, or in any way affect the meaning of the contract. But we are clearly of opinion that the evidence of the declarations of the promisee, as to his intentions in taking the contract in this form, and as to his understanding of the meaning and construction of its terms, can have no effect in giving a construction to the instrument. Having ascertained what the written words were, in which the parties expressed their contract at the time, the Court are bound to construe it according to those terms, whether clearly or obscurely expressed, and can derive no aid from the conversation and declarations of the parties at the time.
From the evidence thus admitted, it appears that after the note was written and signed, but before its delivery, the defendant objected to it as a note payable on demand ; that thereupon the memoradum thus recited was written, and then it was delivered as the contract of the defendant. We are then to consider the 'memorandum as a part of the contract, in the same manner as if it had been included in the body of the note, or placed over the defendant’s signature, and it is to be construed accordingly.
In construing a contract, every word and clause shall be taken into consideration, and have an effect given to it if possible. Here we think the memorandum was intended to limit and control the generality of the words “on demand.” If these words stood alone, the demand might be made immediately or at any future time. But the memorandum limits this right and restrains the promisee from making such demand, as to one half, to. 12 months, and the other to 24 months. A promise to pay on demand, after a certain number of days or months, is not an unusual form of promissory note ; it is an intelligible contract, and attended with no fatal repugnancy ; and we think, in its legal effect, the note under consideration is similar.
It has been contended, that the stipulation for a term ot credit was provisional, namely, if the defendant should remain *234 solvent. If this argument is founded upon the terms of the written contract, it would be a forced construction, not warranted by its terms. If the parol evidence is relied upon, we are of opinion, for the reasons already given, that the parol evidence is not admissible, to vary and control the plain import of the written contract.[1]
It has been further contended, that the memorandum, if it is to have any effect, is to be taken as a distinct collateral contract, not to sue or demand payment within the times specified ; upon the breach of which, if the defendant has sustained damage, he may have an action, but that it cannot be relied upon to control the original contract, within the principle of Dow v. Tuttle, 4 Mass. R. 414.
We think it is impossible to bring this case within that principle. Here the clause in question was part of the note, written and delivered at the same time. Besides, the terms of the memorandum are conclusive. The words are, “payable,” &c. that is, the money stipulated to be paid, is to be paid in a particular specified term of time. They constitute a part of the promise, and qualify it. It is impossible to regard them as a collateral and independent contract.[2]
One instalment only being due by the terms of the note, when the action was commenced, judgment must be rendered for only one half of the amount of the note, with interest.

 See Eaton v. Emerson, 14 Maine R. (2 Shepley,) 335 ; Hanson v. Stetson, 5 Pick. 506; Spring v. Lovett, 11 Pick. 420.

 See Wheelock v. Freeman, 13 Pick. 167 to 169; Homer v. Wallis, 11 Mass. R. 309; Odiorne v. Sargent, 6 N. Hamp, R. 401; Ulmer v. Reed, 2 Fairfield, 293; Central Bank v. Willard, 17 Pick. 150; Hobart v. Dodge, 1 Fairfield, 156.