ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

FOR THE

COUNTIES OF HAMPSHIRE, FRANKLIN AND
HAMPDEN.

---

SUSAN CONKEY, by Whipple Cook, her Guardian,
*versus* HENRY KINGMAN.

Where a person acting as guardian of the plaintiff under a void appointment, agreed
with the defendant that he would not enforce the plaintiff's right of dower in land
which had been conveyed to the defendant, and the defendant, in consideration
thereof, gave the supposed guardian a note promising to pay him a certain sum an-
nually during the plaintiff's life, and the plaintiff, by such supposed guardian,
brought an action on the note, it was *held*, that the defendant was not estopped to
deny that, at the time when the action was brought, the plaintiff was not under
the guardianship of the supposed guardian.

But if the plaintiff, by herself or any authorized agent or guardian, should see fit to
enforce the contract respecting her dower, *it seems* that the suit would be a ratifi-
cation of the unauthorized act of the supposed guardian and the defendant would
not be allowed to deny its validity.

ASSUMPSIT on a promissory note, as follows : " Pelham,
October 27th, 1827. For value received of Whipple Cook,
guardian of Susan Conkey, a distracted person, of Pelham, I
promise to pay him the sum of $7·67 annually, that is to say,
at the expiration of each year from the above date, for and
during the natural life of said Susan Conkey. Witness my
hand. Henry Kingman."

The plaintiff sued by Cook as her guardian, and the defend-
ant pleaded in abatement, that at the time of suing out the writ
the plaintiff was not under the guardianship of Cook; and
issue was joined upon this plea.

Conkey
v.
Kingman.

At the trial in the Common Pleas, before *Williams* J., the plaintiff produced the following evidence, (to the competency of all which the defendant objected,) viz. a letter of guardianship, dated September 4th, 1827, from the judge of probate, appointing Cook the guardian of the plaintiff as a person *non compos mentis,* and a bond duly executed and approved for the faithful performance by Cook, of his duties as guardian. The plaintiff further proved, that afterwards Cook, claiming a right to act in behalf of the plaintiff by virtue of the letter of guardianship, demanded of one Fitts, in behalf of the plaintiff, that he should set off her dower in a parcel of land of which she was dowable, and which her husband had conveyed to the defendant, and the defendant had conveyed with warranty to Fitts ; that upon this a negotiation was had, which resulted in an agreement by the defendant to pay Cook so much money annually as was equivalent to the value of the dower, to be determined by arbitrators ; and that in consideration thereof Cook agreed not to procure the dower to be set off; that arbitrators, mutually chosen, then awarded that the defendant should pay the sum of $7·67 annually ; that Cook, as guardian, executed a writing purporting to be a lease of the dower during the life of the plaintiff, and the defendant thereupon gave the note above recited ; and that on the 3d of November, 1828, the defendant paid one instalment on the note.

To meet this evidence the defendant proved, (the plaintiff objecting to the introduction of the evidence,) that the application by the selectmen of Pelham for a commission contained the name of *Sarah* Conkey, and not *Susan* Conkey ; that the order of inquisition contained the same name ; and that the name of *Susan* Conkey first occurs in the return of the commission. The defendant also proved, that previous to the appointment of Cook as guardian, no notice was issued by the judge of probate to the plaintiff to appear and show cause why a guardian should not be appointed, nor any adjudication made that she was *non compos mentis,* or that a guardian be appointed.

The judge ruled that Cook was not guardian of the plaintiff for the purpose of prosecuting this action, and by consent of parties ordered a nonsuit. To this ruling, and also to the ad-

mission of the evidence offered by the defendant, the plaintiff excepted.

The case was argued in writing.

*Wells*, *Alvord* and *S. F. Dickinson*, conceded that the appointment of Cook as guardian was not binding on the plaintiff, if she chose to deny his authority, but they contended that the defendant, being a stranger to the proceedings in the probate court, could not compel the plaintiff to go behind the letter of guardianship. *Nichols* v. *Thomas*, 4 Mass. R. 232; *Albee* v. *Ward*, 8 Mass. R. 79.

They insisted also, that the acts of the defendant in regard to the very subject matter of litigation, had been such as *equitably* to estop him from denying that Cook was the guardian of the plaintiff. There are three cases in which a man is equitably estopped to deny a fact : 1. A *party is equitably* estopped to deny a fact by him deliberately admitted in writing, in an action brought upon the writing itself, or in which it is the evidence of the contract declared on, unless he can show that he was induced, in the admission, by the fraud of the other party. *Chapman* v. *Searle*, 3 Pick. (2d ed.) 38, and cases there cited ; *Knox* v. *Whalley*, 1 Esp. R. 159. — 2. A party is equitably estopped from denying that he himself sustains a character or office, which he has held himself out as sustaining, or that another person sustains a character or office, which he has treated with such person as sustaining, in a suit brought on the same subject matter in which he has so held himself out or treated with another. — 3. A party is equitably estopped from denying a fact, which he has represented or admitted to be true, where by such representation or admission he has benefited himself, or put the other person into a situation in which he must suffer unless the estoppel take place ; provided the question arises in a suit upon the subject matter in regard to which the admission or representation was made. 2 Stark. Ev. 31 ; Peake's Ev. (5th ed.) 259 ; *Doe* v. *Budden*, 5 Barn. & Ald. 626 ; *Williams* v. *Goodwin*, 2 Carr. & Payne, 257 ; 1 Saund on Pl. & Ev. 47; *Peacock* v. *Harris*, 10 East, 104 ; *Higham* v. *Ridgway*, ibid. 109 ; *Lipscombe* v. *Holmes*, 2 Campb. 441 ; *Watson* v. *Wace*, 5 Barn. & Cressw. 153 ; *Like* v. *Howe*, 6 Esp. 20 ;

Conkey
v.
Kingman.

*Clarke v. Clarke*, ibid. 61. The case at bar comes within all of these propositions. The defendant has admitted in writing and upon the face of the note in suit, that Cook was the rightful guardian of the plaintiff. He has treated with Cook as sustaining that character, in regard to the very subject matter in litigation, in agreeing to his right to demand dower, in submitting the matter between himself and Cook as guardian, to arbitration, and in giving a note to him as guardian and making a payment thereon ; and Cook will be the sufferer if the defendant is allowed to deny his character as guardian. The defendant cannot suffer from holding the proceedings in the probate court to be valid, as no action can be brought for dower without a previous demand, and he will be liable only from the time of demand ; on the other hand, if his objection against this suit is sustained, he will hold the land discharged from all past claim on account of dower, leaving the plaintiff to recover the value of it from Cook ; for in any controversy between Cook and the plaintiff, Cook is estopped to deny that he was her guardian ; *Cutler v. Dickinson*, 8 Pick. 386 ; and he is necessarily accountable to her for all that by proper management he could have realized from her property.

*I. C. Bates* and *Dewey*, for the defendant.

Sept. 26th,
1834.

MORTON J. pronounced the judgment of the Court. The plaintiff sues this action by guardian. The authority of the guardian is, by a proper plea in abatement, directly denied. Issue being joined on this plea, the only question for our determination is, whether the person claiming to be guardian is authorized to maintain this action for the plaintiff.

The letter of guardianship and the bond for the faithful performance of the trust, approved by the judge of probate, were undoubtedly *primâ facie* evidence of the appointment of the guardian. But they were not conclusive. The defendant might show, that though in form they were correct, yet in substance they were defective and void. It appears from the records of the probate court, copies of which were introduced by the defendant, that the application for the appointment of a guardian and the order of inquisition, contained the name of *Sarah* Conkey, though the return of the selectmen and all the subsequent proceedings in the probate court contained the true name of

*Susan* Conkey. But if these were the only defects, especially if notice had been given to the right person and there was no mistake as to identity in any stage of the proceedings, we doubt whether this misnomer would be a fatal error.

It further appears, that no notice was given to the plaintiff, of the inquisition of the selectmen or of the proceedings before the judge of probate, and that there was no adjudication that she was *non compos* or that a guardian be appointed. She was thus deprived of the management of her property and, to some extent, of her liberty, without an opportunity to object or be heard, and without any formal judgment. These are undoubtedly fatal defects, and render the whole proceeding unauthorized and void. It was so adjudged in *Chase* v. *Hathaway et al.* 14 Mass. R. 222 ; *Wait* v. *Maxwell*, 5 Pick. 217 ; and *Hathaway* v. *Clark*, ibid. 490. And in the last case, it was holden, that the healing influence of time, after a lapse of thirty years, could not cure the infirmity.

The appointment of the guardian being a nullity, it cannot authorize him to do any act which would bind his ward. Even an executive officer, to whom the guardian was likened in the argument, cannot justify under a void precept. And although the letter of guardianship produced by the plaintiff was sufficient *primâ facie*, yet we can discover no principle by which the defendant should be precluded from showing its invalidity.

But the plaintiff's counsel contend, that although the appointment of the guardian is invalid, and although the ward is not bound by it, yet that the defendant should not be allowed to deny the existence of the guardianship. This is the ground which has been mainly relied upon, and which has been pressed upon us with great ingenuity.

It is very clear that the legal doctrine of estoppel does not apply, and it is not pretended that the defendant is technically estopped from denying and disproving the guardianship. But the plaintiff's counsel argue that here is an equitable estoppel ; by which, I presume, is meant, that the defendant, by his acts and declarations, has so recognised the existence of the guardianship, that he ought now to be bound by it, and precluded from denying it.

The acknowledgments of parties, whether made in express

words or inferred from acts, are always competent evidence against them. Ordinarily they are open to explanation or contradiction, and may be proved to be untrue by other evidence. *Hall et al.* v. *Huse*, 10 Mass. R. 39 ; *Salem Bank* v. *Gloucester Bank*, 17 Mass. R. 27. There are, however, some cases in which they are conclusive against the party making them.

Thus, admissions made with a view to a particular trial, and to save the necessity of producing proof of certain facts, whether made by parol, in writing or on record, are conclusive for the purposes of that trial. So, where the admission of the one party is the basis of the action of the other, or where the party making the admission derives an advantage from it, he shall not be allowed to contradict it although it be untrue So also, where persons assume to act in certain characters or official relations to each other, they are precluded from denying that they sustained these characters and relations. In all these cases, the admissions and the actions upon them partake of the nature of contracts, and in that respect become binding on the parties. Good faith forbids a person who, upon his representation, has procured acts to be done or advantages to be conceded to him at the expense of others, afterwards to disavow them and annul a virtual contract growing out of them. He is equitably estopped from doing so inequitable a thing. 2 Stark. Ev. 28 to 34 ; *Watson* v. *Threlkeld*, 2 Esp. R. 637. *Robinson* v. *Nahon*, 1 Campb. 245 ; *Like* v. *Howe et al.* 6 Esp. R. 20 ; *Flower* v. *Herbert*, 2 Ves. sen. 326 ; *Lipscombe* v. *Holmes*, 2 Campb. 441 ; *Haviland* v. *Cook*, 5 T. R. 655 ; 1 Saund. Pl. & Ev. 47 ; *Doe* v. *Budden*, 5 Barn. & Ald. 626 ; *Williams* v. *Goodwin*, 2 Carr. & Payne, 257 ; *Watson* v. *Wace et al.* 5 Barn. & Cressw. 153.

But we do not think it necessary to go further into the examination of these general rules, or to undertake to define their precise extent and limits. The doctrine of equitable estoppels has been learnedly, ably and fairly discussed by the plaintiff's counsel. But we think a reference to the true question before us and the relation in which the parties stand to each other, will show its inapplicability.

The case comes before us upon the pleadings, which present the precise question, whether the person who commenced and

carries on this action in the name of the plaintiff, is authorized to do so. He claims to do it in the character of guardian. He is not her legal guardian. But it is said the defendant has estopped or precluded himself from showing this fact.

Conkey
*v.*
Kingman.

The pretended guardian and the defendant treated together in relation to the plaintiff's right of dower in certain land formerly conveyed by her husband to the defendant. They adjusted the claim which the guardian for the plaintiff set up, in a manner apparently fair and equitable, and the present note is the consideration given for the relinquishment of the right of dower. Now the question is not whether the defendant is precluded from denying the validity of that contract; but whether, because he treated with the guardian in that capacity then, he is now, after a lapse of many years, in a different transaction bound to admit his authority. The counsel, in their argument, seem to forget who the parties to the suit are. The guardian is not the plaintiff, but undertakes to prosecute the suit for her. The plaintiff was no party to the adjustment of the claim of dower; and never assented to it, or, as far as appears, knew of it. When the plaintiff sees fit, by herself or any authorized agent or guardian, to enforce that contract, the defendant will not be allowed to deny its validity.

Such a suit would be a ratification of the unauthorized act of the pretended guardian, and would give validity to this contract, which, to be binding, should be reciprocal. If judgment should be rendered for the plaintiff in this suit, it would form no obstacle to her immediate recovery of dower, if she chose to enforce her right.

This transaction is not to be distinguished from an ordinary case of agency where the agent exceeds his power or acts without any. The principal may ratify the unauthorized act or not, at his option. If he ratifies it, the other party is bound and cannot complain of the want of authority in the agent. But before it can be enforced there must be a ratification. A suit is a ratification. But it behooves the other party to see that the suit is duly authorized, otherwise it will avail nothing. The commencing the suit is a distinct and dissimilar act from making the contract. An authority to make a contract would not imply an authority to enforce it by a suit at law. So an

admission, direct or implied, that an agent or guardian was authorized to make a contract, would be no admission that he was authorized to sue upon it ; nor would it have a tendency to preclude him from denying the authority and requiring proof of it.

The defendant has, as we think, clearly a right to ascertain that he is legally called into court, before he answers to the merits of the demand.   And we discover nothing in this case, more than in any other, to preclude him from requiring proof of the authority by which it was commenced and is carried on. The proof failing on this point, or rather negativing it, the plaintiff was rightfully nonsuited.

*Judgment of Court of Common Pleas affirmed.*