## ZACCHEUS RICHARDSON *versus* WILLIAM NEWCOMB.

Proved specimens of the signature of a party are admissible in evidence for the purpose of showing, by a comparison, that a memorandum not signed by such party, is in his handwriting.

Where a note was given to the plaintiff by the defendant for three other notes held by the plaintiff against him, it was *held*, that a memorandum in the handwriting of the plaintiff, purporting to be a computation of the amount due on three notes, the items of which corresponded with the notes, as regarded dates and amounts, was competent evidence to prove, that in consequence of errors made by the plaintiff in such computation, the note first mentioned being given for the amount appearing to be due by the memorandum, was for a larger amount than was actually due.

AssumpsIT on a promissory note for the sum of $ 123·81, dated February 12, 1834. On the back of the note was an

indorsement acknowledging the payment of $75 on May 15. 1834.

The trial was before *Dewey* J.

The defendant contended, that the note was given by the defendant for the amount of three other notes held by the plaintiff against him ; that the amount actually due on the same was much less than the sum of $123·81 ; that that sum was taken as the true amount upon an erroneous computation made by the plaintiff; and that the sum now claimed was in part without consideration.

To establish this defence, the defendant relied upon a memorandum in writing purporting to set forth the various computations made by the plaintiff for the purpose of ascertaining the amount due on the three notes above referred to, which memorandum, as he contended, was in the handwriting of the plaintiff. In order to prove this, the defendant introduced several witnesses, who testified, that certain papers exhibited to them were signed by the plaintiff in their presence ; and the papers were thereupon submitted to the jury. No witness was produced to testify as to his acquaintance with the general hand writing of the plaintiff; and the defendant relied solely upon a comparison of the handwriting in the papers thus proved to be genuine, with that in the memorandum offered in his defence. It appeared, that the dates and sums in the memorandum, corresponded with the dates and amounts of the notes.

The plaintiff objected to the competency of the testimony ; but the judge ruled that it was competent, and that it was for the jury to determine whether it was satisfactory.

The jury returned a verdict for the plaintiff, for the sum of $23·10.

If the Court should be of opinion, that the ruling was erroneous, the verdict was to be set aside and a new trial granted.

The plaintiff also moved for a new trial on the ground, that the verdict was against the evidence, as regarded the amount deducted from the note by the jury.

*Oct.* 27th.      *Coffin* and *Seth Williams*, for the plaintiff, as to the competency of the testimony, referred to *Macferson* v. *Thoytes*, Peake's Cas. 20, cites *Brookbard* v. *Woodley ; Greaves* v. *Hunter*, 2 Carr. & Payne, 477 ; *Tharpe* v. *Gisburne*, 2 Carr. &

Payne, 21 ; *Boman* v. *Plunkett*, 2 M'Cord, 518 ; *Homer* v. *Wallis*, 11 Mass. R. 309 ; *Hall* v. *Huse*, 10 Mass. R. 39.

*Colby*, for the defendant, cited *Homer* v. *Wallis*, 11 Mass. R. 309.

<span style="float:right">Richardson<br>*v.*<br>Newcomb.</span>

SHAW C. J. afterward delivered the opinion of the Court. In this case it became important to determine the fact, whether a certain paper, not signed, being a paper having words and figures upon it, was in the actual handwriting of the plaintiff. How that paper would affect the case, if proved, was a distinct and independent question. To prove this, other papers, testified to have been in fact written by the plaintiff, were offered in evidence, to enable the jury to judge of the genuineness of the paper in question, by comparison ; and this proof was admitted. We consider it a settled rule in this Commonwealth, that such evidence is admissible, and that there is no difference in this respect, between proof of a signature, and proof of other handwriting. *Homer* v. *Wallis*, 11 Mass. R. 312 ; *Moody* v. *Rowell*, 17 Pick. 490. In the latter case it was held, that the jury might act upon such comparison between the paper in controversy and proved specimens of the party's genuine handwriting ; and also that they might be aided in such comparison by the opinions of men, who, by study, occupation and habit, have become skilled in marking and distinguishing the characteristics of handwriting.

And the Court are of opinion, that the paper, if proved to be the handwriting of the plaintiff, was competent evidence for the defendant. It did not purport to be a memorandum or account of a settlement between these parties ; but, connected as it was with the three notes taken up and cancelled, and produced by the defendant, and with the note produced and given in evidence by the plaintiff, it bore intrinsic evidence of being the paper, upon which the amount of the new note was computed. It corresponded in sums and dates, in such manner as, if written by the plaintiff, proved its identity.

*Verdict set aside on other grounds, as a verdict against the weight of evidence.*