## TRISTRAM B. MACKAY vs. FREDERICK W. HOLLAND.

An accommodation note, which was made as collateral security for a debt due from a third person to the payee, was negotiated by the payee after it fell due and after the debt had been paid: The holder offered it to A., one of his creditors, on certain terms, and gave him liberty to take it, for the purpose of inquiry, before he should accept or reject the offer: A. presented the note to the maker, telling him he had taken it as money, and asked him if he would pay it: The maker, not knowing that the said debt was paid and the note negotiated after it was due, concealed no fact, of which he was aware, from A., but told him that it was an accommodation note which he did not expect to pay; that he should be obliged to pay it, and would pay it, if three months' time were given him; otherwise, he should contest it. A. then informed the holder that he should not take the note on the terms offered, but proposed to take it on certain other terms, to which the holder assented: After the expiration of three months, A. sued the maker on the note. *Held*, that the defendant's promise to A. was without legal consideration, and that he was not estopped thereby to make the same defence against A. which he might have made against the payee.

ASSUMPSIT on a promissory note for $ 500, made by the defendant, dated December 28th 1835, payable in six months, at any bank in the city of New York, to Nestor Houghton or order, and by him indorsed in blank.

There was evidence, at the trial before *Wilde.* J. of the following facts : The note in suit was given by the defendant to his brother George W. Holland, without consideration, for the purpose of its being delivered by him to Houghton, the payee, as collateral security for advances he might make to said G. W. Holland. Houghton transferred the note to Reuben Vose when it was overdue ; and when he thus transferred it, the dealings between him and G. W. Holland had ceased, and he owed said Holland a balance of accounts.

In April 1837, the late firm of Cobb & Mackay (of which the plaintiff was a member) had a demand of about $ 1700 against the firm of Vose, Hampstead & June, of New York, and also a larger demand against said Reuben Vose, one of the firm. About the middle of that month, Henry Cobb, acting for the firm of Cobb & Mackay, agreed with Vose, at New York, to receive fifty per cent. in cash, in full of their said demand against Vose, Hampstead & June. After this agreement was made, Vose produced the note in suit, and another note for

$ 510, signed by the defendant, payable to said Houghton, and by him indorsed in blank, and then overdue, which he declared to be as good as cash, and which would be paid on presentation to the defendant in Boston, and proposed that Cobb & Mackay should take these notes in payment of the fifty per cent. afore said, and should give credit to Vose, for the excess, on their demand against him.   It was thereupon agreed between Cobb & Vose, that Cobb should have twenty days to return to Boston, to ascertain whether said notes would be paid, and decide wheth er he would take them on the aforesaid terms.   About the 19th of said April, Cobb called on the defendant in Boston, presented the notes to him, and asked him if he would pay them.   The defendant said he should be obliged to pay them, but had not expected to be called upon ; that they were given to his brother for his accommodation.   Cobb then told the defendant that he had taken the  notes as a dividend, as money, with an assurance that they would be paid on presentation ; whereupon the defend- ant said it would be inconvenient to pay them, as he must sell stock for that purpose.   On Cobb's again asking if he would pay them, the defendant said he would, if he could have time, and that he would call on Cobb and inform him when he would pay. Cobb then left the defendant, but returned in a few minutes, and said he wished to be very careful, " as it was a failed concern," and he desired to know explicitly, if there was to be any de- fence, or unreasonble delay of payment.   The defendant re- plied, that he would pay the notes, and would call and let Cobb & Mackay know how soon he would pay.   On the next day, he told them that he would pay, if he could have three months, and should contest the notes if he could not have that time. They replied, that they could not or ought not to wait so long, as they had taken the notes for money.

On the 21st of said April, Cobb & Mackay wrote to Vose, declining to take the notes on the terms upon which he had of- fered them, but proposed to take them in full of their demand on Vose, Hampstead & June ; which proposition Vose accept- ed, by letter of the next day.

The judge instructed the jury " that as this was an accommo

dation note, and as it appeared that the state of accounts between G. W. Holland & Houghton was such, that Houghton had no right to recover on the note, and could communicate none to Vose, nor Vose to the plaintiff, it must be considered as a note negotiated after it was due ; and that the plaintiff took it subject to the same defence that might have been made if Houghton had sued it : That any person, taking such a note, is bound to inquire into the situation of it, or he takes it at his peril ; and that of this, Cobb & Mackay were well aware, as their conduct showed : That the question whether the informa tion, given to them by the defendant, bound him, depended on the question whether he misrepresented or withheld facts, or was guilty of any negligence in not inquiring into the facts."

The jury were then directed to inquire whether the defendant disclosed all he knew : And they were instructed, in regard to the defendant's not inquiring, that unless there was a duty on the defendant to inquire further, he was not liable ; that the law did not impose that duty on him ; and that he was not chargeable with negligence in not inquiring : That as the defendant told the plaintiff it was an accommodation note, and informed him for whose accommodation it was given, the plaintiff could make further inquiry as well as the defendant : That if the defendant promised to pay the notes, without knowledge that his brother had paid the sum which they were given to secure, and supposing himself liable, that promise was void for want of consideration : But that the defendant was chargeable if he misrepresented or concealed any fact.

The jury found a verdict for the defendant, and the plaintiff moved that it should be set aside, and a new trial be granted, for misdirection to the jury.

*Crowninshield*, for the plaintiff. A note that is overdue may legally be negotiated ; and nothing is required of him who takes it, but to make the proper inquiries respecting it. *Taylor* v. *Mather*, 3 T. R. 83, note. *Ayer* v. *Hutchins*, 4 Mass. 372. *Cone* v. *Baldwin*, 12 Pick. 546. *King* v. *Fowler*, 16 Mass. 399. *Johnson* v. *Bloodgood*, 1 Johns. Cas. 53. *Wiggin* v. *Damrell*, 4 N. Hamp. 75. An accommodation note stands, in

this respect, on the same ground as other notes. *Brown* v *Mott*, 7 Johns. 361. [See also *Sturtevant* v. *Forde*, 4 Scott N. R. 668.] In the case at bar, the proper inquiries were made of the promisor, before the note was purchased by Cobb & Mackay, and he declared that he was bound to pay it, and would pay it.

The burden of inquiry as to the defendant's liability on the note, at the time it was presented to him by Cobb, was not on the plaintiff, but on the defendant. The defendant was put upon his defence, and he waived it by promising to pay. He ᵢs estopped by his declarations and conduct; as the plaintiff acted on the faith of them, and was thereby induced to alter his condition. 2 Stark. Ev. 31, 32. *Heane* v. *Rogers*, 9 Barn. & Cres. 586. *Gregg* v. *Wells*, 10 Adolph. & Ellis, 98, per Lord Denman. *Wallis* v. *Truesdell*, 6 Pick. 457. *Nichols* v. *Arnold*, 8 Pick. 175. *Sayles* v. *Smith*, 12 Wend. 59. *Welland Canal Co.* v. *Hathaway*, 8 Wend. 483. *Wyatt* v. *Hertford*, 3ꞏEast, 147. *Coco* v. *Lacour*, 4 Miller, 507.

*B. R. Curtis*, for the defendant. The defendant could not be charged on a promise in consideration of forbearance, as there was no cause of action. *Jones* v. *Ashburnham*, 4 East, 455. *Loyd* v. *Lee*, 1 Stra. 94. *Atkinson* v. *Settree*, Willes, 482. The plaintiff can prevail, only by estopping the defendant from showing the facts. This kind of estoppel is a creature of equity, and will not be extended, by courts of law, further than it has been carried by courts of equity. *Heard* v. *Hall*, 16 Pick. 460. A party is never estopped, in cases of this nature, unless he has been guilty of fraud or laches. *Evans* v. *Bicknell*, 6 Ves. 191. *Burrowes* v. *Lock*, 10 Ves. 475. *Cholmondeley* v. *Clinton*, 2 Meriv. 361. *Doe* v. *Brown*, 7 Adolph. & Ellis, 447, 450. [See also *Jones* v. *Sasser*, 1 Dev. & Bat. 463–466.]

It is essential to an equitable estoppel, that the defendant should know that the plaintiff was about to act on the matter, in reliance on the defendant's statement. *Tufts* v. *Hayes*, 5 N. Hamp. 452. *Whitaker* v. *Sumner*, 7 Pick. 551. *Hall* v. *Huse*, 10 Mass. 39. In the case at bar, Cobb told the defendant that he *had taken* the note; and *the plaintiff* should now be estopped to say that he took it afterwards.

As the jury have found that the defendant disclosed all he knew, the remaining question is, whether he was guilty of negligence in not inquiring whether the note had been negotiated in fraud of his rights. As the law never presumes fraud, was he guilty of laches in not inferring or suspecting it ?

DEWEY, J. The evidence in this case shows that the note in suit was negotiated by the payee when overdue. The defendant is therefore entitled to any equitable defence which he could support against the original parties. The evidence further shows that the note was executed by the defendant without any consideration received by him, and merely for the accommodation of his brother, G. W. Holland, who was to pass it over to Houghton, the payee, as security for advances which he might make to said G. W. Holland. It further appears that, at the time when Houghton transferred the note to Vose, who transferred it to the plaintiff, Houghton was in fact indebted to G. W. Holland, and therefore had no legal claim on the note against the maker, (the defendant,) who was fully discharged from all further liability on the same.

These facts clearly show a good defence to an action at law on this note, instituted either by the payee or an indorsee — there being no legal consideration for the promise made to Cobb — unless the defendant has precluded himself, by his conduct and declarations, from availing himself of such defence as against the plaintiff; and this presents the point in issue between the parties.

The plaintiff insists, that the defendant has admitted his liability as maker of the note, and promised payment thereof, under such circumstances as should estop him from showing the facts above stated, or availing himself of them in defence of this action. If the defendant has thus made himself liable to the plaintiff, it must be upon the ground that there was such a degree of concealment, on his part, of the facts relating to his discharge from liability on the note, or such affirmative representations made by him to the plaintiff, as to his liability to pay the same, as might properly justify the plaintiff in acting upon the strength of those representations ; and that the plaintiff, having

acted upon the faith of them, and materially changed his relation to other parties, will have been prejudiced by these acts and declarations, if they are not held to be binding and conclusive on the defendant.

Cases may readily be supposed, in which one party shall not be allowed, as against another, to interpose any claim or right, or to avoid any liability, at variance with his previous conduct and declarations, where that other has acted upon the faith given to such conduct and declarations, and has been thereby induced to part with his property, or to relinquish some valuable right. But, as a general rule, the admissions of a party, though evidence against him, and, as the case may be, very strong evidence, are open to explanations, and may be controlled. He may show that they were made under misapprehension of the facts, or under some supposed liability which in truth did not exist. On the other hand, fraudulent concealment, or wilful misrepresentation to a third person, may operate to charge a party, if any damage be thereby occasioned.

That a mere naked admission, against the interest of the party making it — and which, if uncontrolled by explanatory evidence showing it to be erroneous, would be sufficient to charge him — is not conclusive against him, but may be controlled, was the doctrine of this court in *Hall* v. *Huse*, 10 Mass. 39, and *Nichols* v. *Arnold*, 8 Pick. 172. The cases of receipts given to an officer, whereby the party promises to keep, and to deliver on demand, certain articles attached as the property of a defendant in a suit, also show the application of the principle, that a party may avoid a liability which would otherwise arise from his promise, by showing that it was made under a misapprehension of the facts relating thereto. And this principle has not only been extended to third persons, but the owners of the property, thus stipulating to deliver it under such attachment, have been allowed to assert their right to it, and reclaim it, after a delivery thereof to the officer, where they have made it appear that they acted in good faith, either being ignorant of their interest in the property when it was attached and when they made their promise, or having then disclosed their claim and asserted their

intention to enforce their legal rights. *Johns* v. *Church,* 12 Pick. 557. *Bursley* v. *Hamilton,* 15 Pick. 42, 43. *Learned* v. *Bryant,* 13 Mass. 224. *Fisher* vs. *Bartlett,* 8 Greenl. 122.*

The present case shows that the defendant, at the time of making the admission of his liability to pay this note, was ignorant of the facts then existing which would have constituted a good defence ; and this removes all suggestions of fraudulent misrepresentation, or wilful suppression or concealment of the truth, on his part.

The only ground, therefore, on which to charge the defendant, is that of his laches in not making further inquiries into the facts concerning the matter, before his alleged admission and promise to the plaintiff. It is insisted by the plaintiff, that it was the duty of the defendant, when the inquiry was made of him, to have ascertained all the facts which he now relies on in defence, and to have made his reply to the plaintiff in view of such facts ; and that his omission to inquire was such negligence as should now estop him from urging such facts in his defence.

Upon this point, it is material to bear in mind the nature of the communications made to the defendant by the plaintiff, and which accompanied the inquiry which led to the admissions of the defendant. They were obviously not such as apprized the defendant that the plaintiff had under consideration the subject of taking the note, and as a thing to be done or not to be done, as the answer of the defendant might indicate whether the note was justly due or not. On the contrary, the defendant was informed that the plaintiff had already taken the note as his own property. The defendant may well have supposed that it was the inquiry of the owner of the note, made merely with a view of ascertaining its probable value, and that the answer would have no effect in inducing him to assume any new relation, or change his pecuniary interest in the same. Upon such an inquiry as was made, and in the manner in which it was made, we think the admissions of the defendant ought not to estop him from availing himself of such legal defence to the note as may

---

* See *Dewey* v. *Field,* post.

then have existed.   He seems to have disclosed all the facts which he then knew.

We do not perceive that the case, as it appeared before the jury, would have authorized any instructions by the court more favorable to the plaintiff than those which were given.

*Judgment on the verdict.*