JABEZ C. WOODMAN *versus* BETSEY SEGAR.

Before the testimony of the subscribing witnesses to a deed can be dispensed with, it must be made to appear, that, if alive, they are both out of the jurisdiction of the court; that they are incompetent; or that *diligent search* has been made for them without success.

Where the testimony of neither of the subscribing witnesses to a deed of land can be obtained, proof of the handwriting of the grantor is admissible, without first proving the handwriting of the witnesses.

WRIT OF ENTRY. The demandant claimed under a levy upon the premises as the property of Arnold Powers, Nov. 28, 1842. The tenant claimed the same under said Powers, by a conveyance from him to E. C. Bartlett, dated Feb. 4, 1835, and from Bartlett to her. The demandant denied, that this latter deed was duly executed, and contended, that if proved, the deeds were fraudulent and void as to creditors.

The tenant offered in evidence a deed from Bartlett to her, dated June 19, 1843, purporting to have been executed in the presence of Charles Ewell and Robert Vose as subscribing witnesses, and to have been acknowledged in the County of Norfolk and Commonwealth of Massachusetts before said Vose, as a Justice of the Peace. The counsel for the tenant, who resided in the County of Oxford, testified, that he had made inquiry of individuals in the County of Kennebec, and in other places, and of all persons he thought might know any thing respecting the subscribing witnesses to the deed, and did not, and could not learn, that any such persons had ever resided in this state; and that he had reason to believe, that if the subscribing witnesses were living, they resided in Massachusetts. The demandant proved, that Bartlett, although residing in Massachusetts, had visited the town in the county of Oxford in which the tenant lived since the commencement of this suit, and remained there for several weeks. The tenant then offered to prove the handwriting of Bartlett. The demandant objected, that such proof was inadmissible, unless the tenant first produced a subscribing witness, or proved the handwriting of one. SHEPLEY J. presiding at the trial, ruled that proof of

the handwriting of Bartlett, under these circumstances, was admissible. A verdict having been returned for the tenant, the demandant filed exceptions to this ruling of the Judge.

*Woodman, pro se*, contended that the tenant had introduced no evidence, sufficient to authorize the admission of the testimony received by the Judge, on objection made. There was no evidence, that sufficient inquiry had been made, to dispense with the production of the subscribing witnesses. The opposing party is entitled to the benefit of the examination of the subscribing witnesses as to other points. There is no difficulty in obtaining the testimony of such witness, by deposition, in other States of the Union, and it should be done. Nor did the counsel make a full inquiry, whether the witnesses could be found within the State. 1 Stark. Ev. 322, 334 ; 5 Cranch, 14 ; 4 East, 54 ; 9 Johns. R. 136 ; Overton, 255 ; 1 Greenl. 61.

The handwriting of the witnesses should have been proved, or the inability to do so shown, before proof of the handwriting of the grantor was admissible. 17 Maine R. 65 ; 1 Greenl. 61 ; 7 T. R. 260 ; Dougl. 73 ; 1 Bay. 255 ; 2 Bay. 481 ; 2 McCord, 531 ; 2 East, 183.

*Howard & Shepley*, for the tenant.

Where the attesting witnesses to a deed do not reside within the State, and are not found within it at the time of trial, the deed may be proved by showing the signatures to be genuine. 1 Phil. Ev. 421 ; 1 Greenl. 60 ; 11 Mass. R. 309 ; 1 Greenl. Ev. § 575 ; 13 Wend. 178.

Proof of the handwriting of the grantor, in such case, is more satisfactory, than of the subscribing witnesses to a deed ; and is admissible, both on authority and principle. *Valentine* v. *Piper*, 22 Pick. 90.

The opinion of the Court was drawn up by

TENNEY J. — The tenant offered the deed of Ephraim C. Bartlett to herself, which the demandant contended was fraudulently obtained, and required proof of its execution. The deed purports to have been witnessed by one Charles Ewell and also by one Robert Vose, who took the acknowledgment

thereof as a justice of the peace in the County of Norfolk in the Commonwealth of Massachusetts. The tenant's attorney testified without objection, that he made inquiry of individuals in the County of Kennebec and in other places, and of all persons, who, he thought, might know any thing respecting the subscribing witnesses to said deed, and that he did not know, and could not learn of any such persons having ever resided in the State. The case finds, that Ephraim C. Bartlett resided in Massachusetts. Upon the production of this proof, the tenant was permitted to offer secondary evidence of the genuineness of the handwriting of the grantor, against the objection of the demandant.

The first question presented is, whether secondary evidence was admissible.

Before the testimony of the subscribing witnesses to an instrument can be dispensed with, it must appear, that they are both out of the jurisdiction of the Court; *Prince* v. *Blackburn,* 2 East, 250; *Homer* v. *Wallis,* 11 Mass. R. 309; *Sluby* v. *Champlin,* 4 Johns. R. 461; are incompetent; or that search has been made for them without success. *Cantiffe* v. *Septor,* 2 East, 183. And the same degree of diligence in the search is required as in the search for a lost paper. 1 Greenl. Ev. § 575.

The grantor having resided in Massachusetts, when the deed in question was acknowledged, and where one of the witnesses must have lived, renders it probable, that the deed was executed there, and that the other witness also had his residence in the same place. The degree of proof, that the necessary search was made for the attesting witnesses, must be left in some measure to the discretion of the Judge at the trial; and it would be unreasonable to require so full evidence, where there was little or no reason to suppose, that the witnesses had a residence in the State, as when there was no suggestion, that they were out of the jurisdiction of the Court. The proof, that the witnessess to the deed were not to be found within the reach of the process of the Court, was as full as could be required.

2. Was it proper to permit the tenant to offer the secondary evidence of the handwriting of the grantor in the deed, instead of that of the subscribing witnesses?

It was formerly held, that when the testimony of a subscribing witness could not be obtained, and secondary evidence was admissible, proof of the handwriting of the witness was required, since it is to be presumed, that the witness would not have subscribed his name in attestation of what did not take place. 1 Stark. Ev. 341. It has also been held in some instances, in such cases, that proof of the signature of the party as well as of the witness should be proved. *Hopkins* v. *Graffennid*, 2 Bay. 187 ; *Oliphant* v. *Taggart*, 1 Bay. 255 ; *Corneil* v. *Bickley*, 1 McCord, 466. But the latter requirement has not been general. *Mott* v. *Doughty*, 1 Johns. Cases, 230 ; *Hamilton* v. *Marden*, 6 Bin. 45. By other decisions proof of the signature of the party to the instrument, having an attesting witness or witnesses, who could not be obtained, has been deemed sufficient. The Court say, in reference to a promissory note with a subscribing witness not to be obtained, where proof of the maker's signature was allowed, in *Homer* v. *Wallis*, 11 Mass. R. 309, "but as the instrument in question is good without a subscribing witness, we do not think this strictness necessary ; however it might be in relation to deeds or other instruments under seal, when something more is necessary to be proved, than the mere signature of the party." It is said, in 1 Phillip's Ev. 421 and note, that when, after diligent inquiry, nothing can be heard of the subscribing witness, so that he can be produced himself, nor his handwriting proved, the execution may be proved by proving the handwriting of the party to the deed ; and when the subscribing witness is out of the jurisdiction of the Court, and no person to be found within its jurisdiction, who can prove their handwriting, evidence of the handwriting of the party is sufficient. In the case of *Valentine* v. *Piper*, 22 Pick. 85, it is said, "that when the attesting witnesses are not within the jurisdiction of the Court, proof of the handwriting of the party is a species of proof, which has often been admitted in this

Commonwealth, and is more direct and satisfactory, than that of the handwriting of the witnesses; and it was pronounced sufficient.

In the case at bar, it was in evidence, that it could not be ascertained that either of the subscribing witnesses to the deed ever resided in this State, and there was nothing tending to show, that any one living in the State, had knowledge of their handwriting; and it would often, if not generally, be a fruitless attempt to prove negatively, that there was not evidence to be found within the jurisdiction, of the handwriting of attesting witnesses, who it appears, never lived within the State. On principle and authority, the ruling of the presiding Judge was proper, and the

*Exceptions are overruled.*