JOSEPH CHANDLER *versus* HORATIO G. LEBARRON.

In trover for chattels, the plaintiff offered in evidence a paper material to the issue, purporting to be signed by the vendor of the defendant, and testified that it was signed by him in the plaintiff's presence. The vendor of the defendant, being called by him, testified that the signature was not made by him, and was not genuine. Being thereto requested by the plaintiff, the witness wrote his name upon a piece of paper, *and the plaintiff* offered the latter signature in evidence, to be compared by the jury with the former. — *Held* that the evidence was admissible.

EXCEPTIONS to the ruling of RICE, J.

This was an action of TROVER for a pair of steers. It appeared in evidence, that the plaintiff had once owned them, and had sold them to one James Magna, of whom the defendant had purchased them. There was evidence on both sides, upon the question whether the sale to Magna was absolute, or whether the steers were to remain the property of the plaintiff until they were paid for. On this point, Magna was a witness for the defendant.

The plaintiff then offered in evidence a writing, of which the following is a copy:—

"Wayne, Sept. 15, 1851.

"I hereby certify, that I have this day taken, of Joseph Chandler, one pair of two years old steers, which I agree to keep one year, and return them to said Chandler in fair order, or pay him twenty-seven dollars, with interest, at the expiration of the year. Said steers are to remain in my possession, but the said Chandler's property until paid for.

"James Magna, jr."

The plaintiff testified that the writing was signed by said Magna in his presence. Magna, for the defendant, testified that he did not sign it, and that the signature was not genuine.

The plaintiff thereupon requested said Magna to write his name upon a piece of paper, and the witness did so. The signature so made was offered in evidence by the plaintiff, in connection with the foregoing writing, to be compared by the jury. This evidence was objected to by the defendant, but was admitted by the Court. The verdict was for the plaintiff.

The exceptions were argued by

*Bradbury, Morrill & Meserve,* for the defendant, and by

*Vose,* for the plaintiff.

The opinion of the Court was drawn up by

RICE, J. — Trover for a pair of steers. Defendant claimed title to the steers by purchase from James Magna. It therefore became material to determine whether the title to the steers was in Magna, at the time of the sale. To prove this fact, it would seem that Magna was called by the defendant, and testified that the title was in him.

To contradict this witness, the plaintiff proposed to introduce a writing, purporting to be signed by said Magna, showing that the title to the steers was to remain in the plaintiff, from whom he received them, until they were paid for. On being interrogated, Magna denied that he signed that paper. The plaintiff testified that he saw said Magna put his signature thereto. At the request of the counsel for the plaintiff, Magna, in the presence of the Court and jury, wrote his name upon a piece of paper. This signature, and also a note, which the plaintiff testified he saw said Magna sign, were permitted by the Court to go to the jury, for the purpose of being compared with the signature sought to be proved.

The defendant now insists that this was erroneous; and the note, and signature made by Magna in presence of the

jury, were not legitimately in the case, being wholly collateral to the issue being tried.

Whatever may be the rule elsewhere, and it is certainly far from being consistent or uniform, in this State and in Massachusetts the practice is, and ever has been, to give in evidence other signatures of the same person, admitted or proved to be genuine, to papers not otherwise competent evidence in the case, to enable the Court and jury, by an examination and comparison of the genuine specimen with the one which is controverted, to form an opinion whether the latter be or be not genuine. *Homer* v. *Wallis,* 11 Mass. 309; *Moody* v. *Rowell,* 17 Pick. 490; *Hammond's case,* 2 Maine, 33.

Magna, having been called by the defendant to disprove his alleged signature, it might not have been competent for *him* to exhibit signatures of the witness, made at the time, for comparison, because, if the witness were an expert writer he might mislead the jury for the benefit of the party calling him. But, when the plaintiff chose to make the experiment, it was not for the defendant to object.

The ruling of the Judge at the trial seems to have been in strict conformity with well established principles.

The other objections taken at the trial do not seem to be relied upon in the argument.

*Exceptions overruled. Judgment on the verdict.*

Tenney, C. J., Hathaway, Appleton, May, and Davis, J. J., concurred.

Davis, J.—Upon my first examination of this case, I did not concur in the opinion of my associates. I have no fault to find with the rule, which, when the genuineness of a signature is in question, allows other signatures of the party, the genuineness of which is admitted or established, to be examined by the jury; though strong objections have been urged to this, on account of its liability to be abused.

But I think this rule should be restricted to signatures made in the usual course of business, or correspondence. To allow a party, *at the time of the trial,* to manufacture signatures

for the inspection of the jury, seems to me to be a manifest abuse of the rule. Signatures made *for the purpose of being examined* were excluded by Lord KENYON, " as the party might write differently from his common mode of writing, through design." *Stranger* v. *Searle,* 1 Esp. N. P., 14. This case is cited with approbation in 1 Greenl. Ev. § 577, note. And it is also quoted as good law by Judge METCALF, in *Keith* v. *Lothrop,* 10 Cush. 453.

In this case, however, upon reflection, I think the evidence was properly admitted. The plaintiff offered a paper purporting to be signed by the witness, who was called by the defendant. The witness denied that the signature was genuine. The plaintiff then requested him to write his name; and the signature so made he offered as contradicting the witness and confirming the genuineness of the first signature. It was a part of the cross-examination of the witness, and was not within the general rule of admitting other signatures in such cases.