FANNIE JACOBS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    November 15, 1904. — May 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND,
LORING, & BRALEY, JJ.

*Witness*, Impeachment of.

In an action of tort against a railway company for personal injuries, a witness who
had testified for the plaintiff was asked on cross-examination whether the signa-
ture to a paper, containing questions and answers relating to the accident and
signed with his name and address, was his. He said that it was not and in an-
swer to a further question testified that the answers to the questions on the
paper were not in his handwriting. He then at the request of the defendant's
counsel wrote in open court his name and address in the words in which they
appeared on the paper. The defendant then offered the paper in evidence for
the purpose of allowing the jury to compare the handwriting on the paper with
that of the witness done in their presence, in order that if they found that the
signature and the answers to the questions were written by him they might
consider the inconsistency of the answers with his testimony as bearing on his
credibility. The judge refused to admit any·portion of the paper except the
signature and address, and, upon the defendant refusing to separate the signa-
ture and address from the questions and answers, excluded the whole paper,
and ruled that it could not be submitted to the jury for the purpose of impeach-
ing the witness. *Held*, that the exclusion and the ruling were not sufficient
ground for sustaining an exception.

LATHROP, J.    This is an action of tort for personal injuries
alleged to have been sustained by the plaintiff by the sudden
starting of a car of the defendant while she was alighting from
it. The jury returned a verdict for the plaintiff, and the case
is before us on a single exception to the exclusion of evidence
offered by the defendant.

One Patrick J. McNalley was a witness for the plaintiff and
gave material evidence in her favor. He testified that at the
time of the accident he was living at No. 17 Whittier Street,
·Roxbury. On cross-examination he was shown a paper signed
" Patrick J. McNalley, 17 Whittier St., Roxbury." This paper,
which is called in the bill of exceptions Exhibit A, contained
several questions and answers relating to the accident. Some of
the answers were contradictory to the testimony of the witness
in regard to the accident. The witness was then asked if the
signature on the paper was his, and he said it was not. He was

then asked to read the paper, which he did. The question was then put to him, whether the statements in the answers in the paper concerning the accident were in his handwriting, and he said they were not. The witness was then requested to write the words: "Patrick J. McNalley, 17 Whittier St., Roxbury," upon a blank piece of paper, in the presence of the judge and jury. He did so, without objection.

The defendant offered in evidence the paper on which the witness had written the words above named in the presence of the judge and jury, and this paper was admitted in evidence by the judge without objection. The defendant also offered in evidence the paper, Exhibit A, for the purpose of allowing the jury to compare the handwriting in this paper with the writing of this witness made in their presence, and in order that, if the jury found by the comparison of handwritings that the signatures were in the same handwriting, and that the answers to the questions concerning the accident contained in Exhibit A were in the handwriting of the witness, the jury might consider those answers so far as they were inconsistent with his testimony, as bearing upon the credibility of the witness.

The plaintiff's counsel objected to the admission of Exhibit A, excepting the signature and address of the writer, upon the ground that the witness had not been requested to write the rest of the paper for comparison, but the signature and address only. The judge stated that the signature and address on the paper might be admitted, but that the rest of the paper could not go to the jury, and upon the statement of the defendant's counsel that he would not cut off the signature and address from the rest of the paper, the judge excluded the paper, Exhibit A, and ruled that it could not be submitted to the jury for the purposes named. The defendant duly excepted to the exclusion of the paper and to the ruling of the judge.

There can be no doubt that if Exhibit A had been admitted in evidence and the jury had been satisfied that it had been signed by the witness McNalley, his testimony would have been contradicted on material points. The only objection made at the trial to the admission of the exhibit was that the witness had not been requested to write the rest of the paper for comparison, but the signature and address only. Some of us think

that the presiding judge adopted this view, as he was willing to admit the signature and address but ruled that the rest of the paper could not go to the jury. It would have been of no use to admit the signature and address without the rest of the paper, for this would have proved nothing.

The majority of the court is, however, of opinion that the ruling of the presiding judge was confined to the precise offer of proof made. It is not to be understood that if a man signs a paper which contains printed questions, and answers written by a third person with the man's knowledge and consent, such paper is not admissible in evidence. The decision is to be confined to the facts of the case and the offer of proof made. Nor is it to be understood that the judge in any way intended to depart from the general rule heretofore laid down in regard to proof of handwriting. See *Homer* v. *Wallis*, 11 Mass. 309; *Moody* v. *Rowell*, 17 Pick. 490, 495; *Richardson* v. *Newcomb*, 21 Pick. 315; *Commonwealth* v. *Coe*, 115 Mass. 481, 504, 505.

In the opinion of a majority of the court the order must be

*Exceptions overruled.*

The case was submitted on briefs at the sitting of the court in November, 1904, and afterwards was submitted on briefs to all the justices.

*G. L. Mayberry*, for the defendant.

*T. W. Coakley, D. H. Coakley & C. C. Johnson*, for the plaintiff.