## L. S. LEVI *vs*. MAX D. RUBIN & others.

Suffolk.   December 19, 1921. — March 3, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Evidence,* Of genuineness of signature; Opinion: expert; Presumptions and burden of proof.  *Bills and Notes.*

Where, at the trial of an action against an indorser upon a negotiable promissory note, the genuineness of the signature of the defendant was denied and there were submitted to the jury standard signatures of the defendant, which were introduced by the plaintiff and which the defendant admitted to be genuine, the jury were warranted in finding the defendant's signature upon the note to be genuine although no handwriting expert so testified, there was no direct affirmative evidence to that effect, and a handwriting expert called by the defendant testified to the contrary.

CONTRACT against the maker and the indorsers of a negotiable promissory note for $500, made by Massachusetts Iron and Metal Company payable to the Chelsea Iron and Coal Company, and indorsed by the payee, "David M. Rubin, Prop.," and by "F. Herschman" and Max D. Rubin.   Writ in the Municipal Court of the City of Boston dated December 21, 1916.

On removal to the Superior Court, the action was tried before *Sanderson,* J.   The defence was that the note was forged by David M. Rubin.   All the defendants denied the genuineness of their respective signatures.   Standards of the signature of the defendant F. Herschman, admitted by him to be genuine, were in evidence. A handwriting expert, called by the defendant, testified that the signature "F. Hershman" was not genuine.   No handwriting expert testified for the plaintiff.

At the close of the evidence the defendant Herschman made the motion and requests for rulings described in the opinion.   The motion was denied and the requests were refused.   The jury found for the plaintiff against the defendant Herschman and in favor of all the other defendants, stating, in answer to inquiries by the judge, that in their opinion the defendant Herschman "signed it [the note] personally" and that it was his own signature.   The defendant Herschman alleged exceptions.

The defendant Herschman died on December 30, 1918, and

Minnie Herschman, administratrix of his estate, was admitted as a defendant on November 18, 1919.

The case was submitted on briefs.

*C. F. Eldredge,* for the defendant Herschman, administratrix.

*S. Sigilman,* for the plaintiff.

BRALEY, J. The answer having specially denied the genuineness of the defendant Herschman's signature, the plaintiff could not recover unless he introduced evidence which would warrant the jury in finding that the name "F. Hershman," appearing as an indorser on the promissory note declared on, was affixed by him or by his authority. R. L. c. 173, § 86. *True* v. *Dillon,* 138 Mass. 347. *Boles* v. *Harding,* 201 Mass. 103, 106. The record recites that "several genuine signatures of this defendant were admitted and introduced in evidence as standards and submitted to the jury." The defendant however asked the court for a directed verdict, and to rule that "there is no sufficient evidence that this defendant ever indorsed or authorized the indorsement of the note in suit, sufficient for the plaintiff to recover."

The motion and request were denied rightly. It is argued that the proof failed because there was no affirmative evidence for the jury of the genuineness of the defendant's signature. While the plaintiff could have introduced the opinion of experts, or of those who were familiar with the defendant's handwriting, *Hall* v. *Huse,* 10 Mass. 39, *Moody* v. *Rowell,* 17 Pick. 490, the jury nevertheless had before them the standards admitted without objection and could make the necessary comparisons for themselves. *Homer* v. *Wallis,* 11 Mass. 308. *Richardson* v. *Newcomb,* 21 Pick. 315, 317. *Commonwealth* v. *Sturtevant,* 117 Mass. 122, 133. Wigmore on Ev. §§ 2016, 2020, 2921.

The defendant's second request which the court declined to grant, that "There is no sufficient evidence of any adoption or ratification on the part of this defendant of the indorsement of his name on the note in suit sufficient to entitle the plaintiff to recover" has become immaterial in view of the specific finding of the jury, that the defendant signed the note personally: "It was his own signature." *Cunningham* v. *Parks,* 97 Mass. 172. *Hart* v. *Brierley,* 189 Mass. 598.

*Exceptions overruled.*