ROMEO PRIORELLI & another *vs.* UBALDO GUIDI & another.

Suffolk.   February 24, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence,* Presumptions and burden of proof, Of signature.  *Witness.*
   *Bills and Notes.*

At the trial of an action by a payee upon a promissory note purporting to
   be signed by two defendants, a husband and his wife, as joint makers,
   there was evidence tending to show that the note first was offered to the
   plaintiff with only the signature of the husband; that the plaintiff re-
   fused it and required the signature of the wife; that the husband took
   it away and shortly returned and presented it in the form in which it
   was introduced in evidence, with the statement that the signature of the
   wife had been put upon the notes by her; that it then was received by
   the plaintiff and money was paid therefor.  The plaintiff called both
   defendants as witnesses.  The husband testified that he signed his wife's
   name to the note without any authority from her and without attempt-
   ing to disguise his handwriting or to imitate that of his wife.  The
   wife testified that the writing of her name on the notes was not her
   signature and that she did not authorize her husband to write her name.
   While she was on the witness stand she wrote her signature on a piece
   of paper, which was received in evidence.  The judge refused to direct
   a verdict for the wife, and there was a verdict against both defendants.
   *Held,* that
      (1) There was evidence warranting the finding against both de-
   fendants;
      (2) It was not necessary that expert evidence as to the signature of
   the wife be introduced;
      (3) The plaintiff was not bound by the testimony of the defendants
   simply because he called them as witnesses.

CONTRACT, against Ubaldo Guidi and Esterina Guidi
upon two promissory notes, each in the sum of $1,000,
alleged to have been signed by the defendants as makers and
payable to the plaintiffs.   Writ dated May 2, 1921.

In the Superior Court, the action was tried before *Qua,* J.
Material evidence is described in the opinion.   At the close
of the evidence, the defendant Esterina Guidi moved that a
verdict be ordered in her favor.   The motion was denied.
There was a verdict for the plaintiffs against both defendants
in the sum of $3,075.   The defendant Esterina Guidi alleged
exceptions.

The case was submitted on briefs.

*F. P. Fralli,* for the defendant Esterina Guidi.

*J. E. Crowley,* for the plaintiffs.

BY THE COURT. This is an action of contract on two promissory notes purporting to be signed by the two defendants, who are husband and wife. One of the plaintiffs testified that he lent to the husband two sums of $1,000 each; that he declined to take promissory notes signed by the husband alone but required the signature of the wife; that the husband after signing the notes in his presence took the notes, which then had only the husband's signature on them, and shortly thereafter presented them to the plaintiff in the form in which they were offered in court, with the statement that the signature of the wife had been put upon the notes by her; and that thereupon the money was advanced. The plaintiffs called both defendants as witnesses. The husband testified that he signed his wife's name to the note without any authority from her and without attempting to disguise his handwriting or imitate that of his wife. The wife testified that the writing of her name on the notes was not her signature and that she did not authorize her husband to write her name. While she was on the witness stand she wrote her signature on a piece of paper, which was received in evidence. No other evidence was introduced.

The only exception is to the refusal by the trial judge to direct a verdict in favor of the wife. There was no error of law in this denial. The notes, together with the genuine signature of the defendant wife made in the presence of the jury, were enough to warrant a finding in favor of the plaintiff. It is not necessary that any expert evidence be introduced. The jury themselves on comparison of the genuine signature with the signatures on the notes might use their own judgment. *Whalen* v. *Rosnosky,* 195 Mass. 545. *Noyes* v. *Noyes,* 224 Mass. 125, 130. *Levi* v. *Rubin,* 241 Mass. 40. The plaintiffs were not bound by the testimony of the defendants simply because they called them as witnesses.

*Exceptions overruled.*