GEORGE F. HANNIGAN & others *vs.* BOARD OF APPEALS OF
LOWELL.

Middlesex.    November 8, 1951. — February 4, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Quasi Judicial Tribunal. Signature. Evidence,* Of signature. *Certiorari.
Practice, Civil,* Appeal.

On a petition for a writ of certiorari to quash a decision of a quasi ju-
dicial tribunal, an order for judgment affirming the decision was im-
proper; the order should have dismissed the petition.

An appeal from an order for judgment in a certiorari case heard solely
on the petition and the return was properly before this court under
G. L. (Ter. Ed.) c. 231, § 96, although not under c. 213, § 1D, inserted
by St. 1943, c. 374, § 4.

Certiorari lies by registered voters of a city to review proceedings before
the applicable board of appeals under G. L. (Ter. Ed.) c. 43, § 9, as
appearing in St. 1948, c. 459, § 5, and c. 53, § 12, as appearing in St.
1937, c. 212, § 2, as amended.

A decision by the applicable board of appeals of a city, acting upon
questions as to the validity and sufficiency of signatures upon a peti-
tion for the adoption of the Plan C form of government, that a specified
number of signatures certified by the election commission as being
signatures of registered voters were not in fact their signatures and
that therefore the petition lacked the number of signatures required
by G. L. (Ter. Ed.) c. 43, § 7, as appearing in St. 1948, § 3, was
warranted by a comparison made by the board of the signatures on
the petition with the signatures on the registration books of the elec-
tion commission.

The return in a certiorari proceeding to quash a decision of a board of
appeals of a city showed that the board treated oral and written argu-
ment of a party at the hearing before it merely as comment on ex-
hibits already in evidence and not as evidence itself, so that there was
no basis for a contention by another party to the proceeding that the
board's decision was based upon evidence which had not been intro-
duced as such at the hearing.

PETITION, filed in the Superior Court on August 17, 1951.

The case was heard by *Donahue,* J.

In this court the case was submitted on briefs.

G. F. Hannigan, for the petitioners.

J. D. O'Hearn, Assistant City Solicitor, for the respondent.

SPALDING, J. This petition for a writ of certiorari is brought by four residents and voters of the city of Lowell to quash certain proceedings before the respondent board acting under G. L. (Ter. Ed.) c. 43, § 9, as appearing in St. 1948, c. 459, § 5, and c. 53, § 12, as appearing in St. 1937, c. 212, § 2, as amended. In the challenged proceedings, which arose out of a petition for the adoption of the Plan C form of government prescribed in G. L. (Ter. Ed.) c. 43, the board decided that the petition lacked the number of signatures required by G. L. (Ter. Ed.) c. 43, § 7, as appearing in St. 1948, c. 459, § 3.[1] In the Superior Court the case was heard solely on the pleadings and the return. The judge ordered the entry of judgment affirming the decision of the board. The petitioners appealed. Since the board is an administrative or quasi judicial tribunal its decision ought not to have been affirmed. *Johnson's Case*, 242 Mass. 489, 493–494. *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224, 228. The order should have dismissed the petition. *Scannell* v. *State Ballot Law Commission*, 324 Mass. 494, 503.

The appeal is not here under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, for the petitioners have not appealed from a "final judgment." *Needham* v. *County Commissioners of Norfolk*, 324 Mass. 293, 295. But since the case was heard below solely on the pleadings and the return it is properly before us on appeal from an "order decisive of the case founded upon matter of law apparent on the record . . . ." G. L. (Ter. Ed.) c. 231, § 96. *Adamsky* v.

---

[1] Section 7 provides that such a petition must be "signed by qualified voters of the city to a number equal at least to ten per cent of the registered voters at the state election next preceding the filing of the petition . . . ."

Section 9 provides in part that "If any question arises as to the validity or sufficiency of the petition or of the signatures thereon, any registered voter of the city may appeal for a determination of said question to the applicable board referred to in section twelve of chapter fifty-three, by filing a notice of such appeal with the city council and with the clerk of the board of registrars of voters within eighty days after the date the petition was filed with the city clerk by the petitioners, and the board so appealed to shall within thirty days render a decision thereon. Said decision shall be final and the board shall submit notice thereof forthwith to the city council."

*City Council of New Bedford,* 326 Mass. 706. The proceedings before the board may be reviewed by certiorari and the petitioners are proper persons to invoke that remedy. *Horton* v. *Attorney General,* 269 Mass. 503, 508–509. *Compton* v. *State Ballot Law Commission,* 311 Mass. 643, 646. *Morrissey* v. *State Ballot Law Commission,* 312 Mass. 121, 131–132, 137. *Scannell* v. *State Ballot Law Commission,* 324 Mass. 494, 498–499.

The contentions of the petitioners are (1) that the evidence before the board would not warrant its decision that the petition lacked the required number of signatures, and (2) that the board based its decision in part at least on evidence which had not been introduced as such at the hearing.[1]

The following appears from the pleadings and the return of the respondent board: On April 28, 1951, the petitioners filed with the city clerk of Lowell a petition for the adoption of the Plan C charter, consisting of 356 separate sheets and purportedly signed by 10,103 registered voters of Lowell. The petition was forwarded to the election commission which certified that it was signed by 5,684 registered voters, which number was at least ten per cent of the registered voters of the city of Lowell at the last State election. Thereafter, Woodbury F. Howard and Lydia Lee Howard filed appeals with the city council and the clerk of the election commission challenging the validity and sufficiency of the petition and the signatures appearing thereon. The appeals were referred to the respondents, as the applicable board under G. L. (Ter. Ed.) c. 43, § 9, and c. 53, § 12, who then, after due notice to interested parties, proceeded to hold public hearings. Both appellants and the petitioner Hannigan, who represented the signers of the Plan C petition, were present at the hearings and were permitted to introduce evidence before the board.

---

[1] Inasmuch as the return contains a summary of the evidence which was before the board it is open to the petitioners to contend that the evidence which formed the basis of the board's decision was as matter of law insufficient. See G. L. (Ter. Ed.) c. 249, § 4, as amended by St. 1943, c. 374, § 1. *Sullivan* v. *Municipal Court of the Roxbury District,* 322 Mass. 566, 573–574. *Scannell* v. *State Ballot Law Commission,* 324 Mass. 494, 502.

The board admitted as evidence the Plan C petition, the original records of the election commission showing the signatures of all registered voters of Lowell, and the current voting list. A member of the election commission testified that its records were kept as required by law by having each applicant for registration sign his name in a register. See G. L. (Ter. Ed.) c. 51, § 44. In addition there was testimony as to the procedure followed in preparing the voting lists. Neither side offered any expert testimony. The petitioner Hannigan introduced evidence which tended to show that a large percentage of the signatures in the records of the election commission had been taken many years earlier. At the conclusion of his argument he filed a motion to dismiss the appeal of Woodbury F. Howard, which was denied.

The board permitted the appellant Woodbury F. Howard in his oral argument to point out irregularities in the signatures appearing on the petition. The board ruled that, while no new facts could be introduced in argument, the appellant "could proceed to call the board's attention to anything appearing in the exhibit, to make appropriate comment therein and argue the inferences he felt should be drawn therefrom." Howard directed the board's attention to 75 sheets containing 1,575 signatures, all of which he contended were invalid for various reasons. As an extension of his oral argument and to save time, he filed with the board a typewritten list showing the sheet numbers of the signatures he challenged and his reasons therefor. At the time it was offered this list was shown to the petitioner Hannigan and he was furnished with a copy of it.

The board then proceeded to compare the signatures on the petition with the signatures of the voters as they appeared on the registration books of the election commission. Within the time allowed by G. L. (Ter. Ed.) c. 43, § 9, the board was able to compare the signatures of 1,575 voters on the sheets contested. Of these, 447 had registered after 1945; 399 between 1935 and 1945; 413 between 1925

and 1935; and the rest prior to 1925. In comparing the signatures, the board gave serious consideration to the length of time which had elapsed between the date of registration and the date of certification. Each signature was presumed to be genuine until found to be clearly a forgery by unanimous vote of the board. On the basis of the "sheets examined and compared by it, and all the evidence before it" the board found that 11 persons whose names appeared on the petition had died and that "1338 of the signatures certified by the election commission were not in fact the signatures of registered voters of the city of Lowell and were placed upon the petition by persons other than the voters whose signatures they purported to be." [1] "In some few instances, they were apparently placed on the petition by other members of the same family, who had, in fact, signed the petition, but in most cases they were forgeries clearly apparent upon comparison with the original signatures on file." The board made "no claim to being handwriting experts."

The decision of the respondents was warranted by the evidence. Although they were not handwriting experts, they could decide the matter in issue by comparing the signatures on the petition with the standards contained in the registration books, the genuineness of which was not questioned. Expert testimony was not required. *Levi* v. *Rubin*, 241 Mass. 40. *Priorelli* v. *Guidi*, 251 Mass. 449.

There is no basis for the contention that the board's decision was based upon evidence which had not been introduced as such at the hearing. General Laws (Ter. Ed.) c. 43, § 9, which defines the duties of the board, states that if any question arises as to the validity or sufficiency of the petition any registered voter may appeal "for a determination of said question to the applicable board." We assume, as the petitioners argue, that this "determination" contem-

---

[1] Since it is agreed that the number of qualified voters of the city at the State election next preceding the filing of the present petition was 53,991, the petition without the signatures rejected by the board would not meet the requirements of G. L. (Ter. Ed.) c. 43, § 7; the petitioners do not contend otherwise.

plates a hearing (see *Morrissey* v. *State Ballot Law Commission*, 312 Mass. 121, 135) and that the board was required to base its decision solely upon evidence introduced at such hearing. See *American Employers' Ins. Co.* v. *Commissioner of Insurance*, 298 Mass. 161, 166–168; *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, 226–227. If, as we do not decide, this procedure was required it was complied with here. A full and fair hearing was accorded by the board. And it is plain that its decision was based solely on evidence introduced at the hearing. The return shows that the board treated Howard's argument not as evidence but merely as comment on exhibits already in evidence. There was no impropriety in the board's receiving from him a written list directing its attention to the particular signatures on the petition that he was challenging. This did not differ materially from receiving a written argument or requests for findings. See *Morrissey* v. *State Ballot Law Commission*, 312 Mass. 121, 143. Counsel for the petitioners was furnished with a copy of the list at the time the original was filed with the board.

We find no error of law apparent on the record and the entry must be

*Petition dismissed.*