*Municipal Court of the City of Boston*
### No. 461258
### DOMESTIC RAG COMPANY
v.
### NATHAN CUTLER
(October 3, 1958 — March 11, 1959)

*Present:* Gillen, J. (Presiding), Barron and Roberts, JJ.

Case tried to *Tomasello, J.*

*Per curiam*: This is an action of contract upon a promissory note in the amount of $7,752.23. The defendant's answer was a general denial; and also that there was no

consideration for the note, and that it was procured from the defendant by false and fraudulent representation of the plaintiff.

*At the trial there was evidence tending to show that:*

For a number of years prior to 1955 the plaintiff corporation sold and delivered merchandise to the Lowell Wool Stock Corporation, which had its place of business in Lowell, in which corporation, the defendant held the office of treasurer and was its principal stockholder; that until June of 1955 all billings for said merchandise to the corporation, and that all payments made to the plaintiff were made by corporation by its checks signed by the defendant as its treasurer.

After June, 1955, the Lowell Wool Stock Corporation ceased doing business in Lowell, and in October, 1956, a receiver was appointed of all the assets of the corporation. Mr. Sennett, the plaintiff's agent, stated he did not know of the appointment of the receiver and that until his meeting with the defendant in April, 1956, he thought the corporation was still doing business; that the plaintiff knew the corporation was in poor shape financially because a number of the corporation's checks had been returned for "insufficient funds;" and that at the April, 1956 meeting with Mr. Sennett, the defendant told him that he was in ill health and that the corporation was in poor shape financially.

Since June of 1955 up through April 21, 1958, the Lowell Wool Stock Corporation has transacted no business usual to its prior con-

duct, namely the purchase and sale of scrap rags, and further that the plaintiff corporation had done no business with either the Lowell Wool Stock Corporation or the defendant since June of 1955.

In December of 1955 or January of 1956, the defendant entered into business for himself in Charlestown, and in April, 1956, Mr. Sennett called upon the defendant at Charlestown, at which time Mr. Sennett was informed that the defendant was in business for himself. Mr. Sennett had come from Baltimore to discuss the indebtedness of the Lowell Wool Stock Corporation with the defendant and he was interested in verifying that indebtedness. As a result of the conversation had with the defendant, Mr. Sennett requested the defendant to sign a document, which was a promissory note made payable on demand to the plaintiff in an amount equal to the indebtedness of the Lowell Wool Stock Corporation to the plaintiff. The defendant thereupon signed said document as follows:

"Lowell Wool Stock Corporation by Nathan Cutler, Treasurer."

Upon receiving that document, Mr. Sennett stated that he would prefer to have the defendant just sign his own name. Then again he gave the defendant a blank document and told the defendant he would fill it in just as the first document. The defendant signed his name to this blank form of a promissory note, and delivered it to Mr. Sennett. Mr. Sennett testified that while still in the defendant's

presence, he filled it in as the first promissory note had been filled in.

Mr. Sennett told the defendant that if he signed the notes, the plaintiff would not bring suit against him and the Lowell Wool Stock Corporation and that if he signed, the plaintiff would not sue on the indebtedness and that the plaintiff would go along with him if he showed good faith.

The plaintiff still has in its possession in addition to the promissory note of the defendant here in suit, the original note of the Lowell Wool Stock Corporation, which had been signed the same day by the defendant as its treasurer. Both of these notes were dated the same date and were for the same amount of money.

The defendant's requests for rulings and the court's disposition there were as follows:

"1. I request your Honor to rule that the evidence requires the Court to make a finding for the defendant. *Denied.*

2. I request your Honor to rule that as between the plaintiff and the defendant there is available to the defendant the defense that there is no consideration for the note which is the subject matter of this suit. *Denied. I find on the facts there was consideration.*

3. I request your Honor to rule that the evidence requires the Court to make a finding that there is no consideration for the note which is the subject matter of this suit. *Denied.*

4. I request your Honor to rule that the evidence requires the Court to find that the plaintiff has sold to the Lowell Wool Stock Corporation, a Massachusetts corporation, merchandise, the aggregate value of which is the amount of the note which is the subject matter of this suit, and has sent

invoices therefor to the said corporation looking to the corporation for payment. *Granted, Prior to signing of note.*

5. I request your Honor to rule that the plaintiff has failed to sustain the burden of proving by a fair preponderance of the evidence that it has released the corporate debtor for any and all liabilities to it in consideration of the note which is the subject matter of this action. *Granted.*

6. I request your Honor to rule that the evidence requires the Court to find that there has been no novation agreement between the parties that in consideration of the release of corporate debtor by the plaintiff, the defendant has executed and delivered the note which is the subject matter of this suit. *Denied. I find note was executed by defendant in consideration of the forbearance of the plaintiff to bring suit against the Lowell Wool Stock Corporation, operated by the defendant and the defendant personally.*

7. I request your Honor to rule that the evidence requires a finding that the note which is the subject matter of this action has been procured by the plaintiff by the false and fraudulent representation of its servant, agent or employee that it was to be signed by the defendant not as creating a liability on his part to the plaintiff but rather for the purposes of settling the amount so that there would be no further dispute between the parties as the amount of the debt. *Denied.*

8. I request your Honor to rule that the note which is the subject matter of this suit was made for the accommodation of the plaintiff and the plaintiff cannot recover in this action. *Denied.*

The trial justice made a finding for the plaintiff on the declaration. The defendant claimed to be aggrieved by the court's denial of his requests for rulings numbered 1, 3, 6, 7, and 8, the court's inconclusive finding of facts, its inconsistent rulings with respect to

the defendant's requests for rulings, and its finding for the plaintiff.

There was no error by the trial justice. There was sufficient evidence presented which, if believed, entitled the plaintiff to a finding. The court found as a fact that the defendant signed the note because of the promise of the plaintiff that he would not bring suit against the Lowell Wool Stock Corporation which was operated by the defendant. There was evidence to support this finding.

■ "Findings of fact made by a judge in an action at law cannot be reversed unless they cannot be sustained upon any rational view of the evidence including all reasonable inferences of which the testimony is susceptible." *Commissioners of Woburn Cemetery v. Treasurer of Woburn,* 319 Mass. 86, 92; *First National Stores, Inc. v. H. P. Welch Co.,* 316 Mass. 147, 149; *Dolham v. Peterson,* 297 Mass. 479, 481.

■ Requests 6, 7 and 8 are based upon an assumption of facts contrary to the findings of fact made by the trial judge.

■ Since the court found as a fact, a promise on the part of the plaintiff not to bring suit against the corporation if defendant signed the note, it follows, as a matter of law, that there was consideration for the note. A promise to forbear to bring suit is a sufficient consideration for a contract. It is a surrender of something of value. *Melotti v. Tucci,* 319 Mass. 490; *Codman v. Dumaine,*

249 Mass. 451, 457-8; *Silver v. Graves,* 210 Mass. 26, 30.

The finding for the plaintiff was consistent with the court's finding that there was consideration for the note.

*Report dismissed.*

Schlesinger & Manuelian, both of Boston, for the Plaintiff.

Samuel Leader and Sheldon Newman, both of Chelsea, for the Defendant.