*Western District*
## HARRY BARR, MORTON BARR, AND JOSEPH BARR

### v.

## CARL MOSES AND DONALD MASTRANGELO d. b. a. ACME AUTO BODY

Argued: Sept. 27, 1963—Decided: Nov. 7, 1963

*Present*: Garvey, P. J., Hobson & Allen, JJ.

Case tried to *O'Malley, J.* in the District Court of Springfield. No. 159381.

*Garvey, P. J.* The plaintiffs sue in contract to recover, in a single count, $500.00, the balance alleged to be owed under an agreement to pay part of the construction costs of a building, and $600.00 for rent under the terms of a written lease. After the evidence was in, the plaintiffs amended their declaration by claiming that the parties entered into an oral agreement on a secular day containing the same provisions as contained in the lease, and added Count 2, declaring on an account annexed.

The defendant's answer is a general denial and a special plea that the "agreement or lease or both was signed, executed, endorsed, made or delivered on the Lord's Day." After

a finding for the defendants the plaintiffs claiming to be aggrieved by the denial of certain of their requests for rulings of law, requested a report.

The trial judge made detailed special findings of fact, all warranted on the reported evidence, which summarized shows in part, that prior to *September* 11, 1960 the defendants occupied, as tenants at will, premises in Springfield owned by the plaintiffs in which they operated an auto body shop. Needing more space for their business they began discussions looking toward an agreement whereby the plaintiffs would erect a connecting building.

On *Sunday, September* 11, 1960 they orally agreed that the plaintiffs would erect the connecting building according to certain plans and specifications within four or five weeks. The defendants agreed to pay $1000.00 toward this cost, $500.00 forthwith, which was paid, and $500.00 when the building was completed, which was not paid and for which recovery was sought. On the same day of a "total" agreement the parties signed and delivered a written lease of the premises. *It was dated September* 10, 1960 at the suggestion of one of the plaintiffs. This lease was for the term of five years commencing *September* 11, 1960, the defendants agreeing to pay the plaintiffs a monthly rental of $125.00 for the first two years and $100.00 a month thereafter.

Because of wilful, material and substantial deviations, and unreasonable delay in the

erection of the new building, the defendants were justified in vacating the premises in the latter part of October, 1960. The plaintiffs, in December of 1960, leased the premises to another party for a term of three years at a monthly rental of $100.00, for the first two years, $25.00 a month less than that which the defendants agreed to pay. The plaintiffs seek to recover this $600.00 as part of Count 1 and under an account annexed in Count 2.

On these and other findings, the plaintiffs challenge the correctness of the court's denial "as immaterial in view of the facts found", their request numbered 1 that "the evidence warrants a finding for the plaintiffs." Also to the denial "as inapplicable in view of the facts found" their requests numbered 2, 3 and 4. *

In their brief, and in oral argument, the plaintiffs concede there was no error in the court's rulings of law and in its finding for the defendant on that part of Count 1 (misjoinder was not raised) in which they seek to recover the balance of $500.00 promised to be paid toward the construction costs of the additional building.

---

* Request No. 2. "The evidence warrants a finding that a valid, enforceable contract between the parties, containing the same provisions as are contained in the lease declared on, was entered into on a secular day."

Request No. 3. "The evidence warrants a finding that the parties entered into the agreement forming one of the bases of this action on a secular day."

Request No. 4. "If a valid, enforceable, oral agreement is made on a secular day and is subsequently reduced to a writing executed on Sunday, the original oral agreement remains valid and enforceable notwithstanding that the Sunday agreement may be void."

They now press only their right to recover on their claim for rent in the amount of $600.00. Excluding statutory exceptions contracts made on the Lord's Day are invalid and unenforcible. G. L. c. 136, §5. *Ryan v. Gilbert,* 320 Mass. 682; *O'Brien v. Shea,* 208 Mass. 528. This long established principle of law is not disputed by the plaintiffs, but to avoid its consequences they now rely on their allegation, in the amended declaration, of an agreement, based on the terms of the written lease, agreed to on a secular day (which day they do not assert) preceding the Sunday on which the lease was executed and delivered. This argument is based, as we understand them, on the innocous statement by the court in its preliminary findings, that prior to the Sunday on which the lease was executed and delivered "the parties had more or less agreed that the reserved rent for the total premises would be in the neighborhood of $125.00 per month". From this they argue that although the lease executed on a Sunday is void, the agreement as to the term and the reserved rent reached on a prior secular day was "adopted" as the only contract between the parties and as such is enforceable. The court made no such finding and they ignore its ultimate finding based on all of the evidence "that although oral negotiations had been had between the parties prior to September 11, 1960, no final agreement as to the terms had been agreed upon between the parties until their final discussion on that day,

which was a Sunday". This ultimate finding, that the only agreement between the parties was made on the Lord's Day, precludes the plaintiffs from any right of recovery. See *Wasserman v. Roach,* 336 Mass. 564.

There was no error in the manner in which the court disposed of the plaintiffs' requests for rulings of law. The court's clear and definite special findings demonstrate that the requests were made immaterial and inapplicable. *Home Savings Bank v. Savransky,* 307 Mass. 601, 603; *Fogarty v. Cambridge,* 17 Mass. App. Dec. 56. *The report is to be dismissed.*

Gordon & Burres, of Springfield, for the Plaintiffs.
No brief or argument for the Defendants.