*Southern District*

**ALDEN WESTON &
THOMAS E. KENNEDY, d/b/a
WESTON & KENNEDY COMPANY**
 **Plaintiff**

v.

**JOHN B. RUSCITO &
LEWIS G. BOGNI, d/b/a
B & R CONSTRUCTION COMPANY**
 and
**ALBERT LUCCHETTI, d/b/a
A. LUCCHETTI & SON**
 **Defendants**
**DEDHAM TRUST COMPANY**
 **Trustee**

*Present*: Nash, P. J. & Murphy, J.

Case tried to *Cox, J.* in the District Court of Northern Norfolk (Dedham). No. 48549.

*Murphy, J.* This is an action of contract to recover for merchandise sold to the defendant. The declaration is on an account annexed in the amount of $1,331.60, including interest and after allowing certain credits.

The action was discontinued as to Lewis G. Bogni on January 31, 1963.

The defendant, Ruscito's answer is a general denial and further that the defendant never entered into any contract with the plaintiff.

*At the trial there was evidence to show that*:

The plaintiffs are partners doing business as Weston and Kennedy Company and are engaged in the business of manufacturing and selling concrete blocks and manholes in Cohassett, Massachusetts, and that the defendants are joint venturers in connection with the construction of a sewer for the

town of Milford, Massachusetts.

Some time in May of 1962, the plaintiff, Alden Weston, received a telephone call from someone who said he was speaking for the B & R Construction Company, and made an inquiry as to some of the products the plaintiff sold, and the prices therefore. Subsequently, there was another call from the same party who placed an order with the plaintiff for concrete manholes to be delivered on Purchase Street in Milford.

There were further orders by the same party for the B & R Construction Company May 24, June 12, June 14, June 28, June 30 and July 16, and all of the merchandise was delivered and used in Milford except one order which was delivered to Woburn, Mass.

A payment was made on account of this merchandise by a check from A. Lucchetti & Son in June. A second check in part payment was returned with a notation insufficient funds.

The bid obtained from the town of Milford for the construction of the sewers was made by the B & R Construction Co., Inc., signed by John B. Ruscito as president of B & R Construction Co., Inc. together with Albert Lucchetti, d/b/a A. Lucchetti & Son as joint venturers, and there was a performance bond signed in these same names. It appeared that John B. Ruscito has been engaged in the general contracting business for some years with Lewis Bogni of Boston as John B. Ruscito and Lewis G. Bogni, d/b/a B & R

Construction Co. The B & R Construction Co., Inc. was organized as a corporation in 1957, and at that time, the shares of the corporation were owned equally by Lewis G. Bogni and Ruscito. Sometime in 1961, Bogni sold all of his shares to Ruscito, and since that date, the shares are now owned by himself and his wife. Ruscito stated that he had been doing business as the B & R Construction Co., Inc. since 1957, and further stated that the B & R Construction Co., Inc. and Albert Lucchetti, d/b/a A. Lucchetti & Son were doing the sewer work in Milford for the town of Milford in 1962, and acted like partners in so far as this job was concerned. He further stated that the obligations to creditors with reference to this job were paid by the checks of Albert Lucchetti, d/b/a A. Lucchetti & Son.

John B. Ruscito went to the Dedham Town Hall and signed a business certificate with Albert Lucchetti, d/b/a A. Lucchetti & Son, and there was evidence that he identified himself as the B & R Construction Co., Inc.

The defendant duly made the following requests for rulings:

1. There is not sufficient evidence to warrant a finding for the plaintiff.
2. There is sufficient evidence to warrant a finding for the defendant.
3. On all the law and evidence, there must be a finding for the defendant because; one, the plaintiff has not sustained the burden of proof; two, the defendant

did work in Milford sewer system as a corporation and not as an individual; three, there is no evidence that Lucchetti was the agent ·of the defendant in his individual capacity.

The court at the request of the defendant made the following rulings:

1. Denied
2. Allowed
3. Denied

The court made the following findings of fact:

"I find that the sales made by the plaintiffs and described in the declaration were made to the defendant, John B. Ruscito, d/b/a B & R Construction Co. and not, as the defendant contends, to a corporation known as 'B & R Construction Co., Inc.' of which at the time of said sales, the defendant and his wife were sole stockholders, president, treasurer and directors."

There was a finding for the plaintiffs against the defendant, John B. Ruscito, in the sum of $1,284.50 with interest from August 1st, 1962.

The defendant claims to be aggrieved by the denials of his rulings Nos. 1 and 3. There was no error.

It is a general rule that a judge's general and special findings are to stand if warranted upon any possible view of the evidence. *Moss v. Old Colony Trust Co.*, 246 Mass. 139, 143-144. And his general finding imports a finding of all subsidiary facts and the drawings of

all permissible inferences in its support. *NY Cen. RR. v. Marinucci Brothers, Co., Inc.,* 337 Mass. 469.

The record discloses that on January 18th, 1962, John B. Ruscito and Albert Lucchetti went to the Town Clerk of Dedham and there filed a business certificate, under G. L. c. 106, §5, that the *B & R Construction Company* and *A. Lucchetti* & Son were conducting a business at 99 Kimball Road, in Derham and that the persons conducting the business at that address were *John B. Ruscito,* 99 Kimball Road, Dedham, and *Albert Lucchetti,* 167 Dana Avenue, Hyde Park. That business certificate was signed John B. Ruscito and Albert Lucchetti and was sworn to and acknowledged by both of the above-named persons before John T. Cary a notary public on January 18, 1962 and recorded that same day.

This statute is intended for the information and protection of creditors with whom the trader contracts under an artificial designation which in the absence of such certificate may enable the actual or responsible debtor for want of identification to escape all liability. *Crompton v. Williams,* 216 Mass. 184, 187.

It appears from the record that the first talk concerning this Milford job was in May of 1962 which would be about three months after this business certificate was filed. The first payment made on this job was on June 22, 1962 in the amount of $800.00 by a check of A. Lucchetti & Son, and there was evidence

in the record to show that this was the arrangement made between the parties with respect to payment, namely, that the bills would be paid by Albert Lucchetti, d/b/a A. Lucchetti & Son.

Counsel has stressed in his brief the question of identity and cites *Herman v. Fine,* 314 Mass. 67 and *Lodge v. Congress Taxi Association,* 340 Mass. 570. In both those cases there was a "bald" identity by name, but there were no other confirmatory facts or circumstances.

In the present case, the facts are different. Here, is a business certificate signed and sworn to by the defendant, prior to the job in question, that indicated he was doing business at his own address with the other defendant, Lucchetti, as the B & R Construction Company. Also, there is an open account with several orders placed by the B & R Construction Company, and with one payment on account made by Lucchetti.

The defendant now claims the materials should have been charged to the corporation and not to him. This was a question of fact for the judge to decide. He has the power to believe or disbelieve the evidence, and to determine the credibility of witnesses, and he may believe or disbelieve the whole or any part of the testimony of a witness and give credit to such testimony as he deems proper. *NY Cen. RR. v. Marinucci Brothers, Cited supra.* As was said before, his finding

is conclusive if supported by any reasonable view of the evidence.

It cannot be said here that the evidence and the permissible inferences therefrom, did not justify the finding for the plaintiff. *Milmore v. Laundau,* 307 Mass. 589.

It follows, therefore, that there was no prejudicial error in the denial of requests Nos. 1 and 3, and *an order should be entered dismissing the report.*

Irwin M. Golden, of Hingham and Milton D. Klein, of Boston, for the Plaintiff.

Abraham Newman, of Roslindale, for the Defendant.