PATRICK T. CLOONEY *vs.* CIVIL SERVICE COMMISSION & others.

Suffolk.   October 6, 1965. — October 28, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Civil Service.*

No denial of a proper hearing or other error on the part of the Civil Service Commission on an appeal from a decision of the Director was shown where the commission, following a hearing at which the appellant submitted certain evidence, referred such evidence for evaluation to an examiner whose report contained comments on the evidence, and thereafter voted to deny the appeal "in view of the report of the examiner," even though the report was not disclosed to the appellant.

PETITION filed in the Superior Court on July 1, 1964.

The case was heard by *Cahill,* J.

*Lawrence H. Norris* for the petitioner.

*Augustus J. Camelio,* Assistant Attorney General, for the Civil Service Commission & another (*James F. Lawton, Jr.,* for Robert J. Foley, with him) was not called upon.

WHITTEMORE, J.   This is an appeal from an order of the Superior Court dismissing a petition for a writ of certiorari.   The returns show that the petitioner on February 27, 1964, appealed to the Civil Service Commission from the decision of the Director of Civil Service (G. L. c. 31, § 12A) that he was ineligible in training and experience for the position of City Treasurer of the city of Woburn.   The Commission held a hearing on April 27, 1964 (G. L. c. 31, §§ 2 (b), 12A), at which the petitioner submitted certain affidavits and letters.   The Commission on April 29, 1964,

voted to refer this additional evidence to an examiner (G. L. c. 13, § 6) for evaluation and report. The examiner's report, not disclosed to the petitioner, summarized the papers and commented upon them. The Commission on May 6, 1964, voted "in view of the report of the examiner" to deny the appeal.

The reference to the examiner and the use of his report did not violate the requirement of a hearing. The rule that action may not be taken on evidence which the party has no opportunity to meet (*Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, 227) is inapplicable. The examiner's comments were not evidence but the Commission was entitled to make use of them in evaluating the petitioner's case. *Hannigan* v. *Board of Appeals of Lowell*, 328 Mass. 366, 370–371. So far as appears the Commission, with the aid of the report, formed its own judgment on the petitioner's evidence. The reference to the report in the vote of May 6, 1964, does not show otherwise.

No error is shown in the decision that on the evidence the petitioner was ineligible in training and experience. It does not appear that the Commission failed to keep "full and complete minutes of its proceedings." G. L. c. 31, § 2 (d).

*Order dismissing petition affirmed.*