*Northern District*

No. 7393

## ANNA DEL GAIZO, ET AL

v.

## DREYFUS PROPERTIES, INC. ET AL

Argued: Sept. 22, 1970 Decided: Sept. 29, 1970.

*Present:* Brooks, P.J., Connolly, Cowdrey, J.J.
Case tried to *Dewey, J.* in the First District
Court of Eastern Middlesex No. 4556 of 1968.
**Connolly, J.** This action of tort for personal in-

juries is based on a fall alleged to have been suffered by the plaintiff as the result of the negligence of the defendant in the maintenance of certain premises it owned in Medford, Massachusetts.

In Count I of the declaration, the plaintiff alleges that on the 4th day of March 1967 the defendant, Dreyfus Properties, Inc. owned, maintained, or controlled a certain premises and did maintain the same in a defective condition, as a result whereof melting snow was caused to accumulate and freeze upon the said premises creating a nuisance in the nature of an icy sidewalk, and as a result of which the plaintiff, while in the exercise of due care, was caused to slip and fall.

In Count II, the plaintiff alleges the defendant, Dreyfus Properties, Inc. owned, controlled and maintained a certain premises in a defective condition, as a result of which melting snow was caused to accumulate and freeze upon the premises, and as a result of the defendant's said negligence, the plaintiff was caused to slip and fall.

In Count III of the plaintiff's declaration, the plaintiff alleged the defendant owned and controlled certain premises and that a certain curbing thereupon between the parking area and the sidewalk area was negligently constructed so that it was abnormally and unusually high thereby causing a defective condition which created a nuisance. As a result of said

negligence, the defendant was caused to fall upon the premises.

The defendant's answer contained pleas of a general denial, contributory negligence, assumption of the risk, and failure to give proper legal notice.

Prior to trial, the defendant made a motion for specifications and specifications were filed by the plaintiff. The specifications requested by the defendant were:

"1. In what manner the defendant was negligent.

"2. In what respect there was an artificial accumulation of snow and ice."

The specifications filed by the plaintiff were:

"The defendant was negligent in that the defendant, their agents, servants or employees cleared the snow and ice and in doing so negligently allowed or negligently caused remaining snow and ice to melt and accumulate causing the snow and ice to freeze. After the defendant, Dreyfus Properties, Inc. their agents, servants or employees negligently cleared away snow and ice knowing that business invitees would enter upon the premises and knowing that they, the Dreyfus Properties, Inc. had invited and induced persons to walk on the premises and causing said premises to become slippery and dangerous causing a nuisance; that it was the duty of the defendant to keep said premises in a reason-

ably safe and suitable condition for all persons who came upon said premises as a result of the invitation or inducement of the defendant; that regardless of said duty and due to the negligence of the defendant, his agents or servants, the said melting snow had so collected on the premises of the defendant as to freeze, causing the plaintiff, to whom the defendant owed a duty of furnishing a reasonably safe ingress or egress to or on the defendant's property or place of business, to fall.

The plaintiff further says the defendant was negligent in that the curbing directly in front of Zayre's Department Store which was the access, ingress or egress from the parking area was so negligently constructed that it was abnormally and unusually high causing a dangerous and/or defective condition; that it was the duty of the defendant to keep and maintain the said premises in a reasonably safe and suitable condition for all persons who came upon said premises as a result of the invitation or inducement of the defendant; that the plaintiff, while always in the exercise of due care was caused to trip and fall because of the abnormal and unusually high curbing which was negligently constructed and caused a nuisance; that the Dreyfus Properties, Inc. knew of such condition but failed to correct the nuisance within a rea-

sonable time knowing that through their inducement and invitation the public would enter upon the premises.''

*At the trial, there was evidence tending to show the following:*

(quoting from the Report)

''The plaintiff, Anna DelGaizo, 58 years of age, lives at 187 Gardner Avenue in Hingham. On the day of the accident she was visiting her daughter in Everett, and in the afternoon, they went to Medford to go shopping. They parked the car in the lot opposite Zayre's store in the Plaza Shopping Center around 2:30 P.M. The parking area was cleared off, but there were patches of ice on the lot and on the curbing in front of Zayre's store. It had snowed that day or the day before. There is a sidewalk in front of the stores, and you step up onto the sidewalk from the parking lot. The curbing of the sidewalk was about one and one-half feet high, extra high, not the usual height. As she came up to the curb to step up onto the sidewalk, she put her foot up to step up. The curbing was higher than a regular curb, too high. There was ice on the curb and ice on the bottom of the parking lot. I tripped and slipped and fell. The plaintiff indicated that as she stepped up from the surface of the driveway, she hit her right foot against the side of the curbing.

"On cross-examination to the attorney for Zayre's, the plaintiff said, 'When I went to step up onto the curb, I didn't go high enough, I didn't get to the top of the curb. My right toe hit the side of the curb, and I went forward, then my left foot slipped on the ice on the parking lot, and I fell onto the sidewalk'.

"The plaintiff's daughter testified. She was walking ahead of her mother. The curbing in front of the store was extra high. 'I was with her when she fell. I got on the curb before she did. I turned around, I was going to help her up, because I noticed the curb was high. She started to come up and fell before I could help her'. She saw her mother slip on the ice. The top part of her right foot did not reach the top of the curb. There were patches of ice on the parking lot beside the curbstone.

"It was agreed that no written notice of the date, time, place, and cause of this injury was given to the defendant, Dreyfus Properties, Inc. until June of 1967, and copy thereof was introduced.

"Winston Fifield, employee of the defendant, Dreyfus Properties, Inc. testified that this shopping center was built upon a dump, and that periodically the land settled. That in July 1966, he first became aware that the parking area had settled causing a variance of curb height any-

where from five inches to more than twelve inches above the grade of the parking area. He didn't like the looks of this condition then, and he assumed this was a hazardous condition. It was conceivable that someone could fall in that area. The premises was sanded and plowed on February 24, 1967, and the next time on March 7, 1967. On the day of the accident, the curbing varied in height from five inches to more than twelve inches above the grade of the parking area, and this condition was rectified by bringing up the grade of the parking lot to a level of five inches all along in front of the shopping area in June, 1967.

"Thomas J. Glavin of Church Street, Dorchester called as a witness by the plaintiff, testified that he was in charge of maintenance in the Plaza Shopping Center. He was aware of the sinking of the entire parking lot area as early as 1966, and that there was a difference in height of anywhere from seven to nine inches in the height of the curb."

The attention of the trial judge was directed to "The motion for specifications and the plaintiff's specifications".

The defendant seasonably filed the following requests for rulings:

1. As a matter of law a finding for the defendant, Dreyfus Properties, Inc. is required on all counts of the plaintiff's declaration:

A. Because the plaintiff, Anna Del-Gaizo, failed to give written notice under the terms of G.L. Chapter 84, Section 18 through 21.

2. As a matter of law, the plaintiff, Anna DelGaizo, in order to rocover in this action was required to give a written notice under the terms of G. L. Chapter 84, Section 18 through 21, in order to prevail in this action.

3. As a matter of law in order to prevail in an action for personal injuries founded upon a defective condition caused by or consisting in part of snow or ice, the statutory notice must be given. *Di Prizio* v. *Woolworth*, 291 Mass. 143. *68 Devonshire Inc.* v. *Shapiro*, 348 Mass. 177.

4. No statutory notice was given to the defendant, Dreyfus Properties, Inc. by the plaintiff, Anna DelGaizo, or any one in her behalf.

5. The failure of the plaintiff, Anna Del-Gaizo, or any one in her behalf to give the statutory notice under G. L. Chapter 84, Section 18 through 21, bars any recovery by the plaintiff.

The trial judge made the following special findings of fact:

"This is an action of tort, wherein the plaintiff, Anna DelGaizo, seeks to recover for personal injuries alleged to be caused by reason of the negligent maintenance of

certain premises in Medford, Mass. by the defendants. "It was agreed at the outset of the trial as follows:

"That Dreyfus Properties, Inc. was the owner of the shopping area;

"That defendant Zayre Department Store leased a store in that area;

"That the accident occurred at the curbing directly in front of the Zayre Department Store;

"That a copy of Section 28 of the ordinances of the City of Medford with reference to removal of snow from sidewalks be admitted in evidence;

"That plaintiff's specifications in response to defendant Dreyfus Properties, Inc. be admitted in evidence;

"That the report of plaintiff Dr. Matteo Carodonna be admitted in evidence;

"That the plaintiff's doctor bill is $67.00 and her hospital bill at Whidden Memorial Hospital is $26.75 and her loss (of) wages was $170.00."

SPECIAL FINDINGS OF FACT AND DISPOSITION OF REQUESTS FOR RULINGS

"After considering all the evidence, the court makes the following findings of fact:

1. That the plaintiff Anna DelGaizo on or about March 4, 1967 with her daughter went to the shopping area owned by the defendant Dreyfus Properties, Inc. in Medford, Mass.

2. That the purpose of going to the shopping area was to do some shopping at the Zayre Department Store, a lessee of a store in the area from the lessor, the defendant, Dreyfus Properties, Inc.

3. That the plaintiff Anna DelGaizo walked in the parking lot in the shopping area owned by the defendant, Dreyfus Properties, Inc. to an area in front of the Zayre Department Store.

4. That there is a sidewalk with a curbing along the stores in this area, the curbing abutting the parking area.

5. That the shopping area was formerly a dump.

6. That the said parking area had settled causing a hazardous condition to exist as the curb along the sidewalk in the area where the plaintiff fell varied in height from 5 inches to more than 12 inches above the grade of the parking area.

7. That the dangerous, defective and unsafe condition existed for more than a year.

8. That the defendant Dreyfus Properties, Inc. in the exercise of reasonable care should have discovered the defective and unsafe condition long enough before the accident to have repaired or remedied it.

9. That the plaintiff was caused to trip and fall in stepping up the sidewalk

from the parking area, because of the abnormal and unreasonable variation in the height of the curb.

10. That the parking lot at the shopping area was in control of the defendant Dreyfus Properties, Inc.

11. That the said parking lot was not in control of the defendant Zayre Department Store.

12. That the defendant Dreyfus Properties, Inc. from the nature of its business and the manner in which it was conducted had for their own purposes extended an invitation to the public to visit the shopping center.

13. That the defendant Dreyfus Properties, Inc. negligently permitted the parking area and premises to become defective and unsafe, and was negligent in their maintenance whereby, the plaintiff was hurt.

14. That there was a defective condition to which snow and ice did not contribute.

15. That the plaintiff's injuries were not caused by or consisting in part of snow or ice.

16. That the plaintiff Anna DelGaizo was not guilty of contributory negligence.

17. That since Zayre Department Store did not have control of the parking area, there is no basis for imposing liability on it.

Counts 4, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 were waived during the course of the trial.

The court finds as follows:

For the defendant Zayre Department Store on Counts 5 and 8.

For the defendant Dreyfus Properties, Inc. on Counts 1 and 2.

For the plaintiff Anna DelGaizo on Count 3 in the sum of $1,263.75. Interest $112.50.

DISPOSITION OF DEFENDANTS' REQUESTS FOR RULINGS

Having found for the defendant Zayre Department Store, I treat its requests as waived.

Defendant Dreyfus Properties, Inc. requests No. 1, 2, 3, 4, 5 immaterial because of my findings.

It was conceded by the defendant at the time the case was argued before the Division that if the case were one of general liability only then the plaintiff was entitled to recover. On the other hand, if the fall of the plaintiff was caused by a defective condition that consisted in part of snow or ice, the plaintiff, having failed to give the snow and ice notice required by statute, could not recover. G. L. c. 84, §§ 18, 21. *DePrizio* v. *F. W. Woolworth Co.*, 291 Mass. 143, 145, 146.

The trial judge, among his findings of fact, **found:**

(#15) "That the plaintiff's injuries were not caused by or consisting in part of snow or ice."

(We believe that through a typographical error, the phrase "a defective condition" was omitted and that the finding was intended to read: "That the plaintiff's injuries were not caused by a defective condition consisting in part of snow or ice".)

 If there was any support in the evidence for that finding, the trial judge must be sustained. *Weston* v. *Ruscito*, 31 Mass. App. Dec. 103.

 The defendant rightfully does not argue that the plaintiff is bound by her testimony under the circumstances of this case. *Ruane* v. *Doyle*, 308 Mass. 418, 422.

 The defendant does, however, insist that the effect of specifications when filed is that the proof must conform substantially to the specifications. *Shea* v. *Crompton & Knowles Loom Works*, 305 Mass. 327, 329, G. L. c. 231, § 70.

We agreed with the latter concept in principle but assert that where specifications present two distinct theories of liability and the party moving for specifications does not require the specifying party to adopt one theory and have the other expunged, then the trial judge, as in this case, can apply the specifications to which the facts established by the specifying party conform and ignore that one which is not in conformity to those facts. *Snow*

v. *Metropolitan Transit Authority*, 323 Mass. 21, 24.

In this case, the second paragraph of the specifications refers to a defective condition which did not consist in whole or in part of snow or ice. This paragraph was not expunged.

Since the trial judge believed that the fall of the plaintiff was caused by "the abnormal and unreasonable variation in the height of the curb" (Finding #9) and "that there was a defective condition to which snow and ice did not contribute" (Finding #14), he must have believed only that part of the testimony offered in behalf of the plaintiff which supported his findings. He obviously did not believe the plaintiff's statement on cross-examination that "my left foot slipped on the ice" or the statement of the plaintiff's daughter that she saw her mother slip on the ice.

The plaintiff is not bound by her testimony in the circumstances of this case nor is she bound by the testimony of her daughter even though it is offered in her behalf. *Ruane* v. *Doyle*, 308 Mass. 418, 422.

When we take out the testimony relating to the plaintiff slipping on the ice, we have a general liability case in which snow or ice is not a factor. In the testimony apparently believed by the trial judge, he had support for his findings set forth above.

With the support for these findings the proof in the case conformed to the specifica-

tions in the second paragraph of the plaintiff's specifications.

As a consequence, the requests for rulings of the defendant, all based on the assumption that the case was one which involved snow or ice as part of a defective condition, became immaterial when the trial judge with support in the evidence found that snow or ice was not involved. *Domestic Rag Co.* v. *Cutler,* 17 Mass. App. Dec. 35.

There being no prejudicial error, the report is dismissed.

PAUL P. CARADONNA
for the Plaintiff.

JOSEPH W. BREEN
for the Defendant.

### REPORTER'S NOTE
*Distinction Between Cause and Condition*

There is a distinction between negligence or other wrongful conduct in the accumulation or presence of snow or ice which is a *cause* and negligence or such conduct which is a *condition* in such accumulation or presence. *Gaffney* v. *Bay State St. Ry.*, 221 Mass. 457; *Black* v. *N.Y.. N.H. & H.R.R.*, 193 Mass. 448.

The wrongful conduct concerning the accumulation or presence of snow or ice, such as its location on the highway, its being covered with other substances, or its character, may or may not be one of the causes of the plaintiff's injury or damage. *Anti* v. *Boston El. Ry.*, 247 Mass. 1.

The mere fact that the plaintiff would not have sustained injury or damage if the snow or ice had not been accumulated or present in the manner claimed of if it had not been in the place where, and in the manner which, it was, are mere statements of essential condition and not the cause of the plaintiff's injury or damage. *Newcomb* v. *Boston Prot. Dept.,* 146 Mass. 596, 604. See also: *Falk* v. *Finkelman,* 268 Mass. 524, at 527.

The distinction is between that which directly and proximately produces, or helps to produce, a result as an efficient cause, and that which is a necessary condition or atttendant circumstance of it. *Walters* v. *Davis,* 237 Mass. 206, 209; *Biggio* v. *Boston,* 179 Mass. 356; *Smith* v. *Gardner,* 11 Gray, 418.

The difference is also between the proximate cause of an injury or damage and a mere precedent, contemporaneous or attendant circumstance or condition of it. *Carter* v. *Towne,* 103 Mass. 507.

Even a violation of a statute, ordinance or regulation does not establish liability unless that violation was the cause of any injury or damage sustained as differentiated from the mere existence of a condition. *Whipple* v. *Grandchamp,* 261 Mass. 40; *McDonald* v. *Dundon,* 242 Mass. 229; *Dalton* v. *Gt. Atl. & Pac. Co.,* 241 Mass. 40; *Farrell* v. *Sturtevant Co.,* 194 Mass. 421.

Also, an intervening act may be merely a

condition and not an independent cause breaking the chain of causation. *Burke* v. *Hodge,* 217 Mass. 182. See also: *Fielding* v. *Poli Co.,* 274 Mass. 20, at 23 (Maintenance of hole was mere condition) *Dalton* v. *Gt. Atl. & Pac. Co.,* 241 Mass. 40.

If the position of the snow or ice is such as, in connection with ordinary and usual concurring causes, would naturally produce such injury or damage, that indicates that the snow or ice contributed to such injury or damage. *Newcomb* v. *Boston Prot. Dept.,* 146 Mass. 596, at 604.

But even in that case, external causes may have been so exclusive in their operation, and so free from any relation to the position, character or shape of the snow or ice, as to have left its accumulation or presence a mere condition, without agency in producing the result. *Newcomb* v. *Boston Prot. Dept.,* 146 Mass. 596, at 604.

What is a contributing cause of an accident is usually a question for the trier of fact (judge or jury) to be determined by the facts of the particular case. *Newcomb* v. *Boston Prot. Dept.,* 146 Mass. 596, at 604 and cases collected.