BROCKTON CREDIT UNION *vs.* BROCKTON SAVINGS BANK & others. May 2, 1972. In this case the credit union seeks to reach and apply $11,255.27 of the funds of Antonio A. Bellao (Antonio) in two trustee accounts with the savings bank, which were pledged as collateral security on a loan made to Antonio and his son, Arthur R. Bellao (Arthur). Antonio appeals from a final decree ordering the savings bank to pay the stated amount plus interest from the trustee accounts. The final decree was proper in all respects. Even though the evidence is reported, it is firmly settled that questions of fact, including the credibility of the witnesses, will not be set aside unless plainly wrong. *Barnum* v. *Fay*, 320 Mass. 177, 180. *Younker* v. *Pacelli*, 354 Mass. 738, 741. Our review of the evidence convinces us that none of the judge's findings was plainly wrong. There was ample evidence which supported his findings that Antonio had borrowed the money from the credit union, had signed the note evidencing the loan, had pledged the trustee accounts as security and had signed withdrawal orders covering those accounts. On the issue of the genuineness of Antonio's signature on the note, the judge was entitled to examine the standards himself, make the necessary comparisons and form his own opinion as to their genuineness. *Levi* v. *Rubin*, 241 Mass. 40, 41. The judge was also warranted in finding that the credit union did not, without authority, add two additional names to a joint share account which was also pledged as security for the loan in question. Finally, the judge was correct in concluding that the alleged illegality of the joint share account was not properly raised by the pleadings. *McLean Co.* v. *Sidebottom*, 277 Mass. 158.

*Final decree affirmed with costs of appeal.*

*George E. Shulman* for Antonio R. Bellao.
*Harry J. O'Sullivan* for Brockton Credit Union.