The case was submitted on the papers filed.

*Stephen Lauzon*, pro se.

PEERLESS INSURANCE COMPANY *vs.* DANIEL BOYLE & another[1] (and a consolidated case[2]). May 16, 1996. *Insurance,* Underinsured motorist. *Witness,* Credibility. *Limitations, Statute of.*

Peerless Insurance Company (Peerless) appeals from a judgment confirming an arbitrator's award ordering Peerless to pay underinsured motorist benefits to the defendant, Daniel Boyle. Peerless argues that the Superior Court judges wrongly declared (1) that its policy with Boyle provided underinsured motorist coverage up to $100,000, and (2) that Boyle's claim was not time-barred. Peerless also argues that it was prejudiced by late notice.[3] We transferred the case on our own motion. We affirm.

On February 3, 1984, Boyle was injured in an accident caused by an underinsured motorist. He was eventually diagnosed with postconcussion syndrome. He recovered $10,000, the policy limit, from the tortfeasor's insurer.

On January 19, 1990, Boyle filed with the American Arbitration Association a demand for arbitration regarding underinsured motorist benefits under a policy with Metropolitan Insurance Co. Subsequently, Boyle learned that his policy with Peerless also provided underinsured motorist benefits. Boyle then added Peerless to his demand for arbitration. The amended demand was forwarded to Peerless on November 29, 1990. Peerless asserts that this was the first notice it received that an accident had occurred.

Peerless denied coverage. Peerless sought declaratory judgments that (1) its policy with Boyle provided underinsured motorist coverage only up to $10,000, and (2) that Boyle's claim was time-barred. A Superior Court judge ordered Peerless to submit to arbitration, and declared that "Plaintiff Daniel Boyle is covered by defendant Peerless Insurance Company . . . for underinsured motorist protection coverage in the amount of $100,000." A second Superior Court judge declared that "the plaintiff's amended demand for arbitration is not barred by the statute of limitations." A third Superior Court judge confirmed the arbitrator's award. Peerless appealed.

---

[1]Metropolitan Property and Liability Insurance Company.

[2]Daniel Boyle *vs.* Peerless Insurance Company.

[3]Peerless also asserts, in a three-sentence statement without citation to authority, that the judge erred in submitting Boyle's request for prejudgment interest to the arbitrator. Peerless' "cursory presentation fails to meet the basic requirements for appellate argument set forth in Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975)." *Powers* v. *Secretary of Admin.*, 412 Mass. 119, 130 (1992). Accord, e.g., *Adoption of Kimberly*, 414 Mass. 526, 536-537 (1993).

Peerless states that, prior to the accident, Boyle's underinsured motorist coverage had been reduced from $100,000 to $10,000. Boyle testified that he had never been notified of a reduction in his underinsured motorist coverage. See G. L. c. 175, § 113A (1994 ed.). Peerless states that Boyle suffered memory and concentration impairments as a result of injuries incurred in the accident, and asks us to reverse the judge's declaration that Boyle was credible on this point. We decline to do so. Absent extraordinary circumstances, we do not "substitute our opinions on credibility of witnesses whom we did not see for that of the trial judge who both saw and heard them," *Matsushita Elec. Corp. of Am.* v. *Sonus Corp.*, 362 Mass. 246, 254 (1972), "unless . . . on the entire evidence [we are] left with the firm conviction that a mistake has been committed." *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 675 (1977). See *Brockton Credit Union* v. *Brockton Sav. Bank*, 361 Mass. 887, 887 (1972). That standard has not been met here.

Peerless next argues that the judge erred in declaring that Boyle's claim was not time-barred. For the reasons stated in *Berkshire Mut. Ins. Co.* v. *Burbank, ante* 659, 660-665 (1996), there was no error. Peerless also claims that it was prejudiced by Boyle's late notice. This issue was not raised before the judge, see *Royal-Globe Ins. Co.* v. *Craven*, 411 Mass. 629, 636 (1992), or before the arbitrator. It cannot be raised for the first time on appeal. See, e.g., *Volin* v. *Board of Pub. Accountancy, ante* 175, 184 n.10 (1996); *Mailman's Steam Carpet Cleaning Corp.* v. *Lizotte*, 415 Mass. 865, 872 n.4 (1993).

*Judgment affirmed.*

*Douglas L. Fox* for the plaintiff.

*Stephen E. Dawley* (*Jane Woodworth* with him) for the defendant.